**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

BARBARA STEWART,                              Civil Action: **1:19-cv-05960-NRB**

Plaintiff,

v.                                           **DEFENDANT MICHELE STEWART'S
                                             FIRST REQUEST FOR PRODUCTION
MICHELE STEWART a/k/a Michele                OF DOCUMENTS TO PLAINTIFF
Bouman-Stewart,                              <u>BARBARA STEWART</u>**

Defendant.

TO:        David P. Marcus, Esq.
           Marcus & Cinelli, LLP
           8416 Main Street
           Williamsville, New York 14221

           Edward P. Yankelunas, Esq.
           HoganWillig
           2410 North Forest Road, Suite 301
           Amherst, New York 14068

   **PLEASE TAKE NOTICE** that Defendant Michele Stewart ("**Defendant**") hereby

requests that Plaintiff Barbara Stewart ("**Plaintiff**") produce the documents listed below and/or

permit them to be inspected and copied at the offices of Meyner and Landis LLP within thirty

(30) days as set forth by Rule 34 and as ordered by the Court on October 3, 2019.

   This request should be deemed continuing as to require the supplemental production of

documents if the Plaintiff obtains additional documents responsive to this request between the

time for production of documents and the date fixed for trial.

**MEYNER AND LANDIS LLP**
*Attorneys for Defendant,*
*Michele Stewart*

By:    */s/ David B. Grantz*

        David B. Grantz

Dated:  October 21, 2019

# I.   DEFINITIONS

A.    "**Action**" shall mean the above-captioned matter.

B.    "**Bill**" shall mean Plaintiff's ex-husband William P. Stewart, Jr.

C.    "**Communication**," "**communications**," "**communicate**," and "**communicated**" shall mean any oral, written, or recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, e-mails, voicemails, text messages, instant messages, oral or written conversations, facsimiles, letters, telegrams, cables, telexes, dialogues, discussions, negotiations, interviews, consultations, telephone calls, agreements, and other understandings, among two or more persons.  The term "communication" includes written summaries of any of the foregoing communications.

D.    "**DGBF**" shall mean DGBF Holdings, Ltd.

E.    "**Document**" or "**documentation**" as used in this request means the original, duplicate, copy or draft of any writing or recording of any nature whatsoever, whether set down by handwriting, typewriting, printing, photo stating, photographic, magnetic impulse, mechanical or electronic recording, or other form of data compilation. Without limiting the foregoing, the term "document" includes any correspondence, memoranda, reports, administrative files, notes, agreements, books, records, ledgers, diaries, logs, calendar notes, computer printouts and programs, electronic mail (e-mails), press clippings, sworn or unsworn statements of agents, investigators or witnesses, photographs, tape recordings, text message, instant message or other writings or recordings, and logs and transcriptions thereof.

F.    "**Iglehart**" shall mean attorney John Iglehart.

3

G.     "**Jewelry**" means any item of jewelry owned at any time by Plaintiff Barbara Stewart, Topaze or DGBF.

H.     "**Relating to**" means concerning, relating to, reflecting, referring to, having a relationship to, pertaining to, identifying, containing, pertinent to, setting forth, showing, disclosing, describing, explaining, summarizing, evidencing, or constituting, directly or indirectly, in whole or in part, or to be otherwise factually, legally or logically connected to the subject matter of the particular Request.

I.     "**Topaze**" shall mean Topaze Investments, Ltd.

J.     "**Trusts**" shall mean the Gregory Stewart Irrevocable Trust, Lisa Stewart Irrevocable Trust, Jeffrey Stewart Irrevocable Trust and the William P. Stewart, III Irrevocable Trust.

K.     "**You" or "your**" refers to Plaintiff Barbara Stewart and any of her agents, employees, attorneys, representatives and all other persons acting (or who acted) or purporting to act on her behalf.

## II.     INSTRUCTIONS

1.     These Requests are intended to include all information in your possession, or subject to your custody or control, whether directly or indirectly. Information is deemed to be within your possession, custody, or control if:

      a.     it is within your possession;

      b.     it is within the knowledge or possession of any other person or entity and you have the right to obtain the information from such person or entity;

      c.     it is contained in a document within your physical control; or

      d.     it is contained in a document within the physical control of any other person or entity, and you:

          i.     own the document in whole or in part;

         ii.     have a right by contract, statute, or otherwise, to use, inspect, examine or copy that document on any terms; or

       iii.     have, as a practical matter, been able to use, inspect, examine, or copy that document when you have sought to do so.

2.     All grounds for an objection to a Request shall be stated with specificity. Any ground not stated in a timely objection is waived unless your failure to object is excused by the Court for good cause shown.

3.     If you believe that the use of any term in these Requests is ambiguous or if you do not understand any of these Requests, definitions, or instructions, before asserting an objection related thereto, you should immediately contact the undersigned and seek a clarification.

4.     Unless otherwise defined, the terms used herein should be read and construed in accordance with the English language and the ordinary meanings and definitions attached thereto.

5.     If, for any reason, you are unable to produce in full any document requested:

      a.     Produce each such document to the fullest extent possible;

      b.     Specify the reasons for your inability to produce the remainder; and

      c.      State in detail whatever information, knowledge, or belief you have concerning the whereabouts and substances of each document not produced in full.

6.      If any document requested was at one time in existence, but is no longer in existence, state for each document as to which that is the case:

      a.      The type of document;

      b.      The types of information contained therein;

      c.      The date upon which it ceased to exist;

      d.      The circumstances under which it ceased to exist;

      e.      The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

      f.      The identity of all persons having knowledge or who had knowledge of the contents thereof.

7.      For each document requested which you are unable to produce and which was at any time within your possession, custody or control, or to which you had access at any time, specify in detail:

      a.      The type of document (e.g., letter, memorandum);

      b.      The author of the document;

      c.      All recipients of the document and any copy thereof;

      d.      A summary of the information contained in the document:

      e.      The date on which you lost, relinquished, or otherwise ceased to have possession, custody, control of, or access to the document;

     f.       Identify all persons having knowledge of the circumstances whereby you lost, relinquished, or otherwise ceased to have possession, custody, or control of, or access to the document; and

     g.      Identify all persons who have or have had knowledge of the contents of the document, in full or in part.

8.     If you seek to withhold or do withhold any document, in whole or in part, on the basis that it is not subject to discovery, produce a list of all such documents and, as to each such document, state:

     a.      The type of document (e.g. letter, memorandum);

     b.      The name of each author, writer, sender or initiator of each such document, including their employer and title;

     c.      The name of each recipient, addressee or party to whom such document was sent or intended to be sent, including their employer and title;

     d.      The name of each and every person who received a copy of the document, including their employer and title;

     e.      The date of the document or, if no date appears on the document, the date the document was prepared;

     f.       The subject matter of the document sufficient to identify the document; and

     g.      The grounds claimed for withholding the document from discovery (e.g., attorney-client privilege, work product, or any other grounds), and the factual basis for such a claim.

9.      All documents responsive to a Request should be produced as they are kept in the usual course of business or in and with a file folder or other document (e.g., envelope, file cabinet marker) in or with which the document was located when these Requests were served.

10.     All documents produced shall be organized and labeled to correspond to the Request(s) to which they are responsive.  If a document or other thing is responsive to more than one Request, it shall be labeled to correspond to the Request to which it is first responsive.

11.     These Requests are continuing in nature.  If, after responding, you obtain or become aware of any further documents which are responsive to these Requests, supplementary production is required.

12.     The use of any masculine pronoun herein shall include the feminine and the neutral, and the use of any neutral pronoun shall include the masculine and the feminine.  The use of any singular construction shall include the plural, and the use of the plural shall include the singular.

### III.    NOTICE TO PRESERVE COMPUTER DATA

Defendant intends to discover your computer data.  Thus, you are to preserve all electronic data relevant to this litigation and maintain the layout and configuration of your computer system until the parties reach a complete agreement regarding the preservation of electronic data.  You are prohibited from initiating or performing any activity which would or might result in the loss of electronic data, e.g., data compression, rotation, destruction, erasure of data – either on line or off line, defragmenting of any hard drives, and/or purging any directories relating to this litigation.  This Notice applies to you and your agents, employees and/or representatives' employees' computers, e.g., servers, personal computers, mini

computers, laptop computers, notebook computers, palm computers, personal digital computers, main frames, or other equipment. You are also directed to maintain your electronic data storage devices and media, and all activity logs whether made by employees, vendors, or others.

## IV.   DOCUMENT REQUESTS

1.     All Documents or Communications referring or relating to (an) admission(s) or (a) declaration(s) against the interest of any party in this Action.

2.     All Documents or Communications relating to the subject matter of this Action.

3.     All Documents or Communications relating to the formation, purpose or maintenance of Topaze and/or DGBF, including but not limited to articles of incorporation, shareholder agreements, fiduciary agreements and other documents relating to the formation, management, ownership, purpose, amendment, participation or termination.

4.     All Documents or Communications relating to Topaze and/or DGBF, including but not limited to: (a) Charles Target's involvement in Topaze or DGBF, (b) Plaintiff's gifting or transfer of the Jewelry to Topaze or DGBF or (c) legal invoices, memoranda, Communications or other Documents relating to Topaze or DGBF.

5.     All Communications between Plaintiff and any other person, including but not limited to William "Tres" Stewart, III, Gregory Stewart, Bill, Ralph Belfiore, Greta Gallas, Charles Target, Jeffrey Stewart or Lisa Stewart, regarding: (a) the Jewelry; or (b) any other matters at issue in this Action.

6.     All Documents or Communications relating to the Jewelry, including but not limited to the purchase, sale, encumbrance, transfer and/or current location of the Jewelry.

7.    Any and all appraisals and/or inventories of any Jewelry.

8.    All Documents and Communications relating to insurance payments for Topaze or DGBF.

9.    All Documents or Communications that support, refer or relate to your contention that Defendant is/was not the beneficial owner of Topaze and/or DGBF.

10.   All Documents or Communications that support, refer or relate to your contention that Defendant had an obligation to produce documents related to Topaze and/or DGBF in your divorce proceeding against Bill.

11.   All Documents or Communications that support, refer or relate to your contention that Defendant failed to produce documents related to Topaze and/or DGBF in connection with your divorce proceeding against Bill.

12.   All Documents or Communications that support, refer or relate to your contention that Plaintiff never disavowed ownership of the Jewelry, as set forth in Paragraph 9 of Plaintiff's Reply to Defendant's Amended Counterclaims.

13.   All Documents or Communications that support, refer or relate to your contention that you were unaware of the formation of Topaze and/or DGBF and did not possess documents related to those entities.

14.   All Documents or Communications that support, refer or relate to your contention that Defendant induced Plaintiff to believe that Defendant would maintain Topaze and/or DGBF for the benefit of Plaintiff's grandchildren.

15.   All Documents or Communications that support, refer or relate to your contention that Defendant engaged in fraud or concealment.

10

16.     All Documents or Communications, including but not limited to transcripts and pleadings, that refer or relate to any litigation proceedings commenced by or against Plaintiff involving the Jewelry, including but not limited to Plaintiff's divorce proceedings against Bill or any litigation involving the Trusts.

17.     All Documents or Communications which will be identified, introduced as evidence, explained and/or commented upon at trial by you or your witnesses.

18.     All Documents on which you intend to rely on at any hearing or trial in this Action.

19.     Any and all pleadings in any litigation or matter commenced by Plaintiff against Defendant.

20.     All Documents or Communications supporting Plaintiff's alleged damages in this Action.

21.     All Documents evidencing Swiss or U.S. wealth taxes, gift taxes or any other taxes paid by you, Topaz, DGBF or any other person or entity on the Jewelry.

22.     All Documents or Communications that support your denial of paragraphs 6, 7, 13, 14, 17, 18, 23, 32, 34, 35, 37, 38, 39, 47, 48, 49, 51, 52, 53, 54, 55, 57, 60, 61, 65, 67, 68, 69 and 70, of Defendant's Amended Counterclaims.

23.     All Documents or Communications that support your First Affirmative Defense in response to Defendant's Amended Counterclaims.

24.     All Documents or Communications that support your Second Affirmative Defense in response to Defendant's Amended Counterclaims.

25.     All Documents or Communications that support your Third Affirmative Defense in response to Defendant's Amended Counterclaims.

26.     All Documents or Communications that support your Fourth Affirmative Defense in response to Defendant's Amended Counterclaims.

27.     All Documents or Communications that support your Fifth Affirmative Defense in response to Defendant's Amended Counterclaims.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BARBARA STEWART,<br><br>        Plaintiff,<br><br>        v.<br><br>MICHELE STEWART a/k/a Michele<br>Bouman-Stewart,<br><br>        Defendant. | Civil Action: **1:19-cv-05960 (NRB)**<br><br>**PLAINTIFF BARBARA STEWART'S<br>RESPONSE TO DEFENDANT'S<br>REQUEST FOR PRODUCTION OF<br>DOCUMENTS** |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S
### REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, BARBARA STEWART, by her attorneys Marcus & Cinelli, LLP, responds to

Defendant's, MICHELE STEWART'S First Request for Production of Documents as follows:

### GENERAL OBJECTIONS

A.      Plaintiff, Barbara Stewart, objects to these demands to the extent they call for

production of documents or information outside the scope of discovery permitted under the FRCP.

B.      Plaintiff, Barbara Stewart, objects to the production of any document or other

material either created by or at the direction of counsel or obtained from other parties or non-parties

through the efforts of counsel, as well as any such material addressed to or from its attorneys, upon

the ground that such materials are or contain information subject to the attorney/client privilege, the

attorney work product privilege, and/or the privilege for material prepared in anticipation of

litigation. Plaintiff has interpreted these requests to exclude such material.  However, should

Plaintiff, Barbara Stewart, inadvertently produce any such material, such production shall in no way

1

constitute or be construed as a waiver of these privileges or immunities.

C.     Plaintiff, Barbara Stewart, objects to these demands to the extent they call for production of documents or information which is publicly available, or which is in the possession, custody, or control of other parties to this litigation, or which is equally accessible to other parties.

D.     Each of the following responses is subject to these General Objections, whether or not these General Objections are restated, in whole or in part, in a specific response.

E.     Plaintiff reserves her right to amend and/or supplement his responses up to and including at the time of trial of this matter.

## RESPONSES

1.     All documents or Communications referring or relating to (an) admission(s) or (a) declaration(s) against the interest of any party in this Action.

**RESPONSE:** Plaintiff objects to this demand on the ground it lacks any reasonable definition of the information being sought, is vague, ambiguous and capable of multiple interpretations, and is overbroad and unduly burdensome.  Plaintiff in particular objects to the request to the extent it fails to define terms or the scope of the demand and seeks admissions or "declarations" of all parties.  Plaintiff further objects to the extent said documents requested are already in defendant's possession.  Subject to and without waiving said objections, plaintiff produces the documents attached herein at **Exhibit A** (Bates Nos. PLT000001 to PLT000011).  Plaintiff further refers defendant to the following documents produced by defendant: Documents Bates Nos. Bouman0117, Bouman0123, Bouman0125, Bouman0134, Bouman0160, Bouman0161, Bouman0166, Bouman0168-169, Bouman0170, Bouman0173, Bouman0174, Bouman0183, Bouman0184, Bouman0186, Bouman0187, Bouman0191, Bouman0208-209 and Bouman0110-

0113.

2.     All Documents or Communications relating to the subject matter of this Action.

**RESPONSE:**   Plaintiff objects to this demand on the ground it lacks any reasonable definition of the information being sought, is vague, ambiguous and capable of multiple interpretations, and is overbroad and unduly burdensome, and seeks material that is not relevant or related to any issue in this case.  This demand also fails to identify the "subject matter" of the action for which documents are sought.  Plaintiff further objects to the extent said documents requested are already in defendant's possession.

3.     All Documents or Communications relating to the formation, purpose or maintenance of Topaze and/or DGBF, including but not limited to articles of incorporation, shareholder agreements, fiduciary agreements and other documents relating to the formation, management, ownership, purpose, amendment, participation or termination.

**RESPONSE:**   Plaintiff objects to this demand on the ground it lacks any reasonable definition of the information being sought, is vague, ambiguous and capable of multiple interpretations, is overbroad and unduly burdensome and seeks material that is not relevant or related to any issue in this case.  Plaintiff further objects to the extent said documents requested are already in defendant's possession.  Subject to and without waiving said objections, plaintiff is not in possession of any corporate documents of Topaze or DGBF referenced in this demand, and refers defendant to corporate and business documents for Topaze and DGBF, produced by defendant in its October 21, 2019 production.

4.     All Documents or Communications relating to Topaze and/or DGBF, including but not limited to: (a) Charles Target's involvement in Topaze or DGBF, (b) Plaintiff's gifting or transfer of the Jewelry to Topaze or DGBF or (c) legal invoices, memoranda, Communications or other Documents

3

relating to Topaze or DGBF.

     **RESPONSE:**   Plaintiff objects to this demand on the ground it lacks any reasonable definition of the information being sought, is vague, ambiguous and capable of multiple interpretations, is overbroad and unduly burdensome and seeks material that is not relevant or related to any issue in this case. Plaintiff objects to the term "relating to" as overly broad, ambiguous and unduly burdensome. Plaintiff further objects to the extent said documents requested are already in defendant's possession. Subject to and without waiving said objections, plaintiff produces the document attached herein at **Exhibit B** (Bates No. PLT000012) and documents produced in response to Demands 8, 9, 11, 13 and 14, *infra*. Plaintiff also references document Bouman0199 produced by defendant in its October 21, 2019 production.

     5.    All Communications between Plaintiff and any other person, including but not limited to William "Tres" Stewart, III, Gregory Stewart, Bill, Ralph Belfiore, Greta Gallas, Charles Target, Jeffrey Stewart or Lisa Stewart, regarding: (a) the Jewelry; or (b) any other matters at issue in this Action.

     **RESPONSE:**   Plaintiff objects to this demand on the ground it lacks any reasonable definition of the information being sought, is vague, ambiguous and capable of multiple interpretations, is overbroad and unduly burdensome and seeks material that is not relevant or related to any issue in this case. Plaintiff objects to reference to and definition of "the jewelry" which is not limited in time or scope and further objects to reference to "any other matters at issue in this action" as vague, overly broad and unduly burdensome and seeks material that is not relevant or related to any issue in this case. Plaintiff further objects to the extent said documents requested are already in defendant's possession. Subject to and without waiving said objections, plaintiff produces herein documents attached at **Exhibit C** (Bates Nos. PLT000013 to PLT000016).

     6.    All Documents or Communications relating to the Jewelry, including but not limited to

4

the purchase, sale, encumbrance, transfer and/or current location of the Jewelry.

**RESPONSE:**   Plaintiff objects to this demand on the ground it lacks any reasonable definition of the information being sought, is vague, ambiguous and capable of multiple interpretations, is overbroad and unduly burdensome and seeks material that is not relevant or related to any issue in this case.  In particular, plaintiff objects to reference to and definition of "the jewelry" which is not limited in time or scope, not identified in any pleadings submitted by defendant and accordingly references items not the subject of this action and seeks material that is not relevant or related to any issue in this case.  Plaintiff further objects to the extent said documents requested are already in defendant's possession.  Subject to and without waiving said objections, plaintiff refers defendant to documents produced in response to Demand Nos. 5, 7, 8 and 12 herein.

7.     Any and all appraisals and/or inventories of any Jewelry.

**RESPONSE:**  Plaintiff objects to this demand on the ground it lacks any reasonable definition of the information being sought, is vague, ambiguous and capable of multiple interpretations, is overbroad and unduly burdensome and seeks material that is not relevant or related to any issue in this case.  In particular, plaintiff objects to reference to and definition of "any jewelry" which is not limited in time or scope, not identified in any pleadings submitted by defendant and accordingly references items not the subject of this action.    Plaintiff further objects to the extent said documents requested are already in defendant's possession. Plaintiff also repeats and realleges the objections set forth in response to Demand 6, *supra*.  Subject to and without waiving said objections, plaintiff produces documents attached herein at **Exhibit D** (Bates Nos. PLT000017 to PLT000046).  Plaintiff also refers to documents produced by defendant on October 21, 2019.

5

8.      All Documents and Communications relating to insurance payments for Topaze or DGBF.

**RESPONSE:** Plaintiff objects to the term "relating to" as overly broad, ambiguous and unduly burdensome and seeks material that is not relevant or related to any issue in this case. Subject to and without waiving said objections, plaintiff produces documents attached herein at **Exhibit E** (Bates Nos. PLT000047 to PLT000053).

9.      All Documents or Communications that support, refer or relate to your contention that Defendant is/was not the beneficial owner of Topaze and/or DGBF.

**RESPONSE:**   Plaintiff objects to this demand on the ground it lacks any reasonable definition of the information being sought, is vague, ambiguous and capable of multiple interpretations, is overbroad and unduly burdensome and seeks material that is not relevant or related to any issue in this case.   In particular, plaintiff objects to the term "beneficial owner" which is not defined and also may call for a legal conclusion, legal analysis and definition of a legal term which is not the proper subject of discovery.  Plaintiff objects to the term "refer or relate to" as overly broad, ambiguous and unduly burdensome. Plaintiff further objects to the extent that this demand fails to identify where or when plaintiff is alleged to have contended that defendant is or was not the beneficial owner of Topaze and/or DGBF.   Plaintiff further objects to the extent said documents requested are already in defendant's possession.  Subject to and without waiving said objections, plaintiff produces documents attached herein at **Exhibit F** (Bates Nos. PLT000054 to PLT000079), and refers defendant to documents produced in these responses, including responses to demands 1, 4 and 8 herein.

10.     All Documents or Communications that support, refer or relate to your contention that Defendant had an obligation to produce documents related to Topaze and/or DGBF in your divorce

proceeding against Bill.

**RESPONSE:**  Plaintiff objects to this demand on the ground it lacks any reasonable definition of the information being sought, is vague, ambiguous and capable of multiple interpretations, and is overbroad and unduly burdensome and seeks material that is not relevant or related to any issue in this case.  In particular, plaintiff objects to the term "obligation" which is not defined and also may call for a legal conclusion, legal analysis and definition of a legal term which is not the proper subject of discovery.  Plaintiff further objects to the extent that this demand fails to identify where or when plaintiff is alleged to have contended that defendant was obligated to produce such documents or the nature of that obligation.  Plaintiff further objects to the extent said documents requested are already in defendant's possession.  Subject to and without waiving said objections, plaintiff refers defendant to documents produced in response to demand No. 1.

11.    All Documents or Communications that support, refer or relate to your contention that Defendant failed to produce documents related to Topaze and/or DGBF in connection with your divorce proceeding against Bill.

RESPONSE:   Plaintiff produces documents attached herein at **Exhibit G** (Bates Nos. PLT000080 to PLT000084).  Plaintiff further refers to documents produced by defendant, including documents Bates Nos. Bouman0127, Bouman0116, Bouman0153, Bouman0155-0157, Bouman0160, Bouman0214-215.

12.    All Documents or Communications that support, refer or relate to your contention that Plaintiff never disavowed ownership of the Jewelry, as set forth in Paragraph 9 of Plaintiff's Reply to Defendant's Amended Counterclaims.

**RESPONSE:**   Plaintiff objects to this demand on the ground it lacks any reasonable definition of the information being sought, is vague, ambiguous and capable of multiple

7

interpretations, is overbroad and unduly burdensome and seeks material that is not relevant or related to any issue in this case. In particular, this demand seeks documents proving an event that plaintiff contends never occurred, and as such, is not a proper demand. Plaintiff further objects to the extent said documents requested are already in defendant's possession. Subject to and without waiving said objections, plaintiff produces documents attached herein at **Exhibit H** (Bates Nos. PLT000085 to PLT000097). Plaintiff further refers to documents Bates Nos. Bouman0186-187, produced by defendant.

13.    All Documents or Communications that support, refer or relate to your contention that you were unaware of the formation of Topaze and/or DGBF and did not possess documents related to those entities.

**RESPONSE:**   Plaintiff objects to this demand on the ground it lacks any reasonable definition of the information being sought, is vague, ambiguous and capable of multiple interpretations, is overbroad and unduly burdensome and seeks material that is not relevant or related to any issue in this case. In particular, this request demands documents relating to an unspecified contention that misstates or misconstrues plaintiff's allegations in this case. It seeks documents regarding a premise that plaintiff does not plead, and as such, is not a proper demand. Plaintiff further objects to the extent said documents requested are already in defendant's possession. Subject to and without waiving said objections, Plaintiff refers defendant to documents produced in response to demand 11.

14.    All Documents or Communications that support, refer or relate to your contention that Defendant induced Plaintiff to believe that Defendant would maintain Topaze and/or DGBF for the benefit of Plaintiff's grandchildren.

**RESPONSE**:  Plaintiff refers to the documents produced and referenced in response to Demand

8

1. Plaintiff further references documents Bates Nos. Bouman0082 and Bouman0110-0113 produced by defendant.

      15.    All Documents or Communications that support, refer or relate to your contention that Defendant engaged in fraud or concealment.

    **RESPONSE:**  Plaintiff objects to this demand on the ground it lacks any reasonable definition of the information being sought, is vague, ambiguous and capable of multiple interpretations, and is overbroad and unduly burdensome and seeks material that is not relevant or related to any issue in this case.   In particular, plaintiff objects to the extent this demand calls for a legal conclusion, legal analysis and definition of a legal term which is not the proper subject of discovery. Plaintiff further objects to the extent said documents requested are already in defendant's possession. Subject to and without waiving said objections plaintiff refers to documents produced by defendant reflecting claims by defendant that she personally owns the jewelry in question, that said jewelry was transferred at her request and/or knowledge to her personal ownership without authorization or recognition of her fiduciary duty, and documents produced herein in response to demands 11 and 12.

      16.    All Documents or Communications, including but not limited to transcripts and pleadings, that refer or relate to any litigation proceedings commenced by or against Plaintiff involving the Jewelry, including but not limited to Plaintiff's divorce proceedings against Bill or any litigation involving the Trusts.

    **RESPONSE:**  Plaintiff objects to this demand on the ground it lacks any reasonable definition of the information being sought, is vague, ambiguous and capable of multiple interpretations, is overbroad and unduly burdensome and seeks material that is not relevant or related to any issue in this case.  Plaintiff further objects to the extent said documents requested are already

9

in defendant's possession.

17.     All Documents or Communications which will be identified, introduced as evidence, explained and/or commented upon at trial by you or your witnesses.

**RESPONSE:**  Plaintiff objects to this demand on the ground it is vague, ambiguous and overbroad and unduly burdensome, and is premature prior to the conclusion of discovery, as the selection of such documents has not yet been determined.   Plaintiff further objects to the extent said documents requested are already in defendant's possession.

18.     All Documents on which you intend to rely on at any hearing or trial in this Action.

**RESPONSE:**   Plaintiff objects to this demand on the ground it is vague, ambiguous and overbroad and unduly burdensome, and is premature prior to the conclusion of discovery as the selection of such documents has not yet been determined.   Plaintiff further objects to the extent said documents requested are already in defendant's possession.

19.     Any and all pleadings in any litigation or matter commenced by Plaintiff against Defendant.

**RESPONSE:**     Plaintiff produces documents attached herein at **Exhibit I,** Bates Nos. PLT000098 to PLT000109.

20.     All Documents or Communications supporting Plaintiff's alleged damages in this Action.

**RESPONSE**:   Plaintiff refers to documents produced in response to demand No. 7.

21.     All Documents evidencing Swiss or U.S. wealth taxes, gift taxes or any other taxes paid by you, Topaz, DGBF or any other person or entity on the Jewelry.

**RESPONSE:**   Plaintiff is not in possession of any documents responsive to this demand.

22.     All Documents or Communications that support your denial of paragraphs 6, 7, 13, 14, 17, 18, 23, 32, 34, 35, 37, 38, 39, 47, 48, 49, 51, 52, 53, 54, 55, 57, 60, 61, 65, 67, 68, 69 and 70, of

10

Defendant's Amended Counterclaims.

**RESPONSE:**   Plaintiff objects to this demand on the ground it lacks any reasonable definition of the information being sought, is vague, ambiguous and capable of multiple interpretations, is overbroad and unduly burdensome and seeks material that is not relevant or related to any issue in this case.   This demand seeks documents proving events that plaintiff contends never occurred, and as such, is not a proper demand.

23.     All Documents or Communications that support your First Affirmative Defense in response to Defendant's Amended Counterclaims.

**RESPONSE:**  Plaintiff objects to this demand on the ground it calls for a legal conclusion and is therefore not the proper subject of discovery.

24.     All Documents or Communications that support your Second Affirmative Defense in response to Defendant's Amended Counterclaims.

**RESPONSE:**  Plaintiff objects to this demand on the ground it calls for a legal conclusion and is therefore not the proper subject of discovery.

25.     All Documents or Communications that support your Third Affirmative Defense in response to Defendant's Amended Counterclaims.

**RESPONSE:**  Plaintiff objects to this demand on the ground it calls for a legal conclusion and is therefore not the proper subject of discovery.

26.     All Documents or Communications that support your Fourth Affirmative Defense in response to Defendant's Amended Counterclaims.

**RESPONSE:**  Plaintiff objects to this demand on the ground it calls for a legal conclusion and is therefore not the proper subject of discovery.

27.     All Documents or Communications that support your Fifth Affirmative Defense in

11

response to Defendant's Amended Counterclaims.

**RESPONSE:**  Plaintiff objects to this demand on the ground it lacks any reasonable definition of the information being sought, is vague, ambiguous and capable of multiple interpretations, and is overbroad and unduly burdensome.  Defendant does not specify which elements or allegations of said affirmative defense it seeks documents.  Plaintiff further objects to the extent said documents requested are already in defendant's possession.  Subject to and without waiving said objections, plaintiff refers to documents produced herein in response to Demands Nos. 1, 9, 11 and 12.

DATED:        December 13, 2019                    **MARCUS & CINELLI, LLP**

David P. Marcus
*Attorneys for Plaintiff*
*Barbara Stewart*
8416 Main Street
Williamsville, New York 14221
Telephone: (716) 565-3800

and

**HOGANWILLIG, PLLC**
Edward P. Yankelunas, Esq.
2410 North Forest Road, Suite 301
Amherst, New York 14068
Telephone:  (716) 636-7600

*Attorneys for Plaintiff Barbara Stewart*

12

TO:    **MEYNER AND LANDIS, LLP**
David B. Grantz, Esq.
Catherine Pastrikos Kelly, Esq.
One Gateway Center, Suite 2500
Newark, New Jersey 07102
Telephone: (973) 602-3466
*Attorneys for Defendant Michele Stewart*