## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA STEWART, | Civil Action: **1:19-cv-05960 (NRB)** |
| Plaintiff, | |
| v. | **DECLARATION OF DAVID B. GRANTZ, ESQ. IN SUPPORT OF MOTION FOR CONTEMPT FOR REFUSAL TO COMPLY WITH SUBPOENA** |
| MICHELE STEWART a/k/a Michele Bouman-Stewart, | |
| Defendant. | |

David B. Grantz, Esq. declares the truth of the following under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.      I am an attorney-at-law of the State of New York and a Partner at Meyner and Landis LLP, attorneys of record for defendant, Michele Stewart a/k/a Michele Bouman-Stewart ("**Michele**"), in the above captioned action.

2.      I am familiar with the facts and circumstances surrounding this action and submit this certification in support of Michele's Motion for Contempt for Refusal to Comply with Subpoena (the "**Motion**").

3.      This certification, and the exhibits attached hereto, are not being submitted for the purpose of contravening the allegations raised in the Complaint, but rather, only to provide the Court with background and context as to the legal proceedings which preceded this action.

### A.  Background

4.      This matter arises out a dispute between plaintiff Barbara Stewart ("**Plaintiff**") and her ex-husband William P. Stewart, Jr. ("**WPS**"), who were entangled in a seven (7) year-long acrimonious divorce litigation involving millions of dollars in equitable distribution in the New

York State Supreme Court, New York County starting in 2007 (the "**Divorce Action**").  Plaintiff, apparently frustrated with the results of the Divorce Action, now seeks to blame Michele for Plaintiff's failed litigation efforts or maybe is merely attempting to punish Michele for her own acrimonious divorce from Plaintiff's son, William P. Stewart, III ("**Tres**"), who is the subject of this Motion.

5.        In 1994 and thereafter, Plaintiff transferred certain pieces of jewelry that she owned (the "**Jewelry**") to a company called Topaze Limited ("**Topaze**").  Plaintiff alleges that Michele owned and/or controlled Topaze for the benefit of Plaintiff's granddaughters.

6.        During the Divorce Action, WPS claimed that Plaintiff's equitable distribution should be offset by Plaintiff's jewelry, including the Jewelry that Plaintiff allegedly contributed to Topaze, because she purportedly maintained ownership and possession of the Jewelry.

7.        Plaintiff argued that the Jewelry was owned by Topaze and should not be attributed to her for purposes of equitable distribution.  However, Plaintiff apparently did not produce valid evidence to support her claims.  The Court in the Divorce Action found against Plaintiff on this issue based on lack of evidence, thus granting WPS a credit for equitable distribution.

B.  **The Lawsuit**

8.        On February 5, 2018, Plaintiff filed the instant action asserting claims against Michele for Breach of Fiduciary Duty, Fraud, Constructive Trust, and Injunction.[1]

9.        Plaintiff claims that her own Swiss attorney, John Iglehart ("**Iglehart**"), and Michele, failed and/or refused to cooperate with Plaintiff during the Divorce Action by not producing documents to help her establish the transfer of Jewelry to Topaze and, as a result, asserts claims in this action against Michele.

---

[1] Plaintiff's claims for Constructive Trust and Injunction have been dismissed by the Court.

10.     On January 2, 2019, Michele filed an Answer, Affirmative Defenses, and Amended Counterclaims. In her Amended Counterclaims, Michele contends that she is the sole and exclusive owner of all of the Jewelry given by Plaintiff and WPS to Topaze, and that she has the absolute right to keep or dispose of the Jewelry in her sole and exclusive discretion.

11.     On November 7, 2020, our office served William P. Stewart, III (previously defined as "**Tres**") with a "Subpoena in a Civil Case to Produce Documents, Information, or Objects or to Permit Inspection of Premises with Schedule A" (the "**Document Subpoena**"). A true copy of the Document Subpoena and corresponding Affidavit of Service is attached hereto as **Exhibit A**.

12.      The Document Subpoena required Tres to produce: (a) all documents and correspondence regarding or relating to Topaze Investments Ltd. or DGBF holdings, Ltd.; and (b) all documents or correspondence regarding the Jewelry that at any time belonged to Plaintiff, WPS, Michele, or Topaze Investment, Ltd. and DGBF Holdings, Ltd.

13.     Tres resides in Greenwich, Connecticut and is Michele's ex-husband.  Tres was actively involved in taking direction from Plaintiff with respect to obtaining pieces of Jewelry from Michele to deliver to Plaintiff.

14.     By way of correspondence, dated December 10, 2019, after Tres failed to respond to the Document Subpoena, our office advised Tres that he has failed to produce any of the documents sought in the Document Subpoena, and failed to provide any indication that he intends to turn over the requested documents, and as such, is in violation of the Document Subpoena. A true copy of the December 10, 2019 correspondence is attached hereto as **Exhibit B**.

15.     On December 18, 2019, Tres emailed our office stating: "*Regrettably, following a terrible flood at my house early in 2019, during which my basement was thoroughly flooded, all my archives were destroyed. I hired a company to professionally remove them and destroy them, and*

*it cost a bundle. Should you need a copy of those pictures or a receipt from the truck mobile shredder, I can provide those. I'm afraid that I have no physical evidence to offer you, nor any digital communications either*." A true copy of Tres's December 18, 2019 email is attached hereto as **Exhibit C**.

16.    Following Tres's email, by way of correspondence dated December 30, 2019, our office demanded that Tres send evidence of the flood, including photos of the damage and receipts of the company hired to professionally remove the destroyed archives. Additionally, our office reminded Tres that he is obligated to search: (1) phone records; (2) text messages from all cell phones in his possession, custody or control; (3) email messages from all personal, business or any other email account within his possession, custody or control; and (4) any other electronic file on any device in his possession, custody or control. Accordingly, we demanded that Tres produce all materials responsive to the Subpoena by Friday, January 3, 2020. A true copy of the December 30, 2019 correspondence is attached hereto as **Exhibit D**.

17.    On December 31, 2019, Tres emailed our office stating: "*I am currently out of the country and will be unable to reply any further before I return to the USA. The deadline you request will therefore not be met, but I suspect you already knew this before writing me seeing how your client is a few hundred yards down the road from me as I type.*" A true copy of Tres's December 31, 2019 email is attached hereto as **Exhibit E**.

18.    On February 14, 2020, our office served Tres with a "Subpoena to Testify at a Deposition in a Civil Action" (the "**Deposition Subpoena**")(the Document Subpoena and Deposition Subpoena are hereinafter collectively referred to as the "**Subpoenas**"). A true copy of the Deposition Subpoena and corresponding Affidavit of Service is attached hereto as **Exhibit F**.

19.     Tres never responded to the Subpoenas, and since the December 31, 2019 email, we have not received any further communications from Tres.

20.     On April 1, 2020, during a telephone conference with the parties, the Hon. Naomi Reice Buchwald granted Michele permission to file the instant Motion.

21.      Now, Michele files the instant Motion which seeks to hold Tres in contempt for his failure to comply with the Subpoenas.  Tres has failed to comply with the Subpoenas in spite of his knowledge of the requirements of the Subpoenas, failed to timely object, and failed to move to quash.

22.     Certainly, Tres was duly served with the Subpoenas, and given his various communications with our office, Tres has been well-aware of his obligations under the Subpoenas. At this time, all objections to the Subpoenas have been waived. Moreover, Tres should be directed to pay Michele's attorneys' fees and costs as a result of his failure to comply with the Subpoenas.


I declare under penalty of perjury that the foregoing is true and correct. Executed on July 16, 2020


*/s/ David B. Grantz*

_____

David B. Grantz, Esq.