

August 24, 2020

**VIA ECF**

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Courtroom 21A
New York, NY 10007-1312

    Re: **Stewart v. Stewart**
       **Case No. 19-cv-05960**

Dear Judge Buchwald:

  This letter responds to defendant's August 11th letter requesting this Court enter its proposed Case Management Order (Doc. 71). For the reasons that follow, plaintiff objects to defendant's proposed CMO.

  First, defendant's proposed CMO seeks to grant it unlimited and one-sided discovery, much that has been objected to, without making a motion and without consideration by the Court of the propriety of the discovery. Paragraph 2 of defendant's proposed CMO seeks an Order compelling plaintiff's counsel to comply with subpoenas to counsels' offices that were objected to as improper at the time of receipt and in the April 1, 2020 pre-motion conference (*see e.g.*, Doc. 54). No ruling compelling production of documents pursuant to those subpoenas was made during that conference. No effort was made by defendant to confer or resolve the dispute and no motion to compel was authorized. Defendant instead attempts to bypass legal formality by slipping it in the CMO without consideration of the issues involved, the propriety of the subpoena and without Court consideration. Since it fails to comply with Rule 34 of the Federal Rules and was not authorized at the pre-motion conference, that effort should summarily be rejected.

  Defendant takes the same tact in attempting in paragraph 4, without conferring or making a motion, to have this Court Order that plaintiff must comply with its demand for inspection of jewelry in her possession. Again, no such ruling was made during the April 1, 2020 conference. And, notably, this Court expressly addressed the issue of the scope of discovery in the April 1, 2020 teleconference call, ruling that "I'm not interested in the damages question of what is the jewelry that plaintiff has in her possession worth versus what is the value of the jewelry in her possession worth. That is a damages question…" (Doc. 71-2 at p. 46). When defense counsel persisted by stating defendant asked for all the jewelry in Ms. Stewart's possession to be produced to their appraiser, Your Honor rejected that request, stating that:

8416 Main Street, Williamsville, NY 14221
Phone: 716-565-3800 ~ Fax: 716-565-3801 ~ www.marcuscinelli.com

"I don't care about that right now. Unless we get to some point where there is some greater commitment to settlement, damages are separate. They have nothing to do with the history of Topaze and who was supposed to have ownership of this jewelry and who is eventually supposed to have ownership of it, and who was to enjoy it during Ms. Stewart's lifetime. OK? I don't care what the value of it is until you really want to talk settlement.

*Id.* at p. 47.

Moreover, defendant's request for an Order compelling this discovery is in complete violation of the Federal Rules and Local Rules mandating an effort to resolve discovery disputes, which in this case at the very least would require discussion of the purchase of insurance to protect transport of any jewelry and other logistical matters. In short, this demand seeks discovery on questions of damages which should be left post-trial and only in the event that defendant succeeds on her counterclaim. It does not go to the merits of the claim, and, as noted, no motion has been made following efforts to resolve the dispute. As such, this request should be denied.

In addition, paragraph 1 of the proposed Order provides for the production of additional documents after conducting a search using the defendant's definition of jewelry, "as well as additional search terms." However, during the April 1, 2020 conference, the Court ruled that the Court would decide what additional search terms should be used if the parties "can't agree on exactly which ones [should be used]". (Doc. 71-2, p. 42). The parties have not conferred on that subject following the conference, and there has been no ruling from the Court. The reference to "additional search terms" does not belong in the CMO.

This Court will recall that it urged the parties to settle, and that defense counsel asserted that "this case cries out for settlement" and then complained that "[i]t just doesn't make sense to spend all of this money litigating when we could resolve it but we just don't seem to have a partner in that resolution". *Id.* at pp. 25-6. Shortly thereafter, defense counsel presented a settlement offer which was addressed with the Court during a conference with Your Honor on June 15th. Defendant agreed to provide photographs of the jewelry she was offering in settlement but demanded that plaintiff determine what jewelry she was offering from insurance documents and invoices that were produced in discovery. That undertaking was accomplished by plaintiff but was painstaking and time consuming. Following exhaustive review of thousands of documents, defendant, on June 19, 2020, was presented with a detailed letter identifying what it believed were the jewelry pieces offered by defendant. *See* letter attached at **Exhibit A.**

Despite her verbal and written representations to plaintiff and the Court to the contrary, defendant, on June 24, 2020, notified the Court that it was no longer interested in settling the case and was "prepared to litigate this matter to conclusion" (Doc. 61). Our office was not notified of this determination until *after* it completed the exhaustive analysis that defendant insisted we perform. Defendant also provided no photographs or response to plaintiff's letter, as she was asked to—and agreed—to do. In addition to misrepresenting defendant's intention to resolve the case, the Court is reminded that, on the same call with this Court, defense counsel expressly misrepresented that my office had not previously forwarded to defense counsel any documents referencing the jewelry in response to their offer, an assertion that was refuted by the April 22nd letter that was e-mailed to the Court during the call.

2

Fewer than two weeks later, on July 6th, defendant made another 180 degree turn and advised this office that she was renewing the offer to settle, albeit with elimination of a valuable piece of jewelry. *See* letter attached at **Exhibit B.** Counsel further wrote that it "will not provide any further information or photos for the pieces [of jewelry offered]. *See id.*

Defendant's obstructionist actions are designed to deflect attention away from scrutiny of the material issues in the case, such as who owned Topaze and how did that company end up being owned by defendant, and to tie up plaintiff's limited resources on immaterial discovery demands and frivolous motions. Defendant objects to every reasonable request made by plaintiff; she refuses to confer with our office unless we initiate the request. She objects to plaintiff's properly presented motion to dismiss the counterclaim, yet seeks Court Orders without moving the Court. She makes representations to counsel and to the Court that are not true or subsequently withdrawn.

As this Court has recognized, the material issues in the case involve ownership and transfer of the Topaze company. It is undisputed that defendant took the Stewart/Topaze jewelry and did so with the assistance of her lawyer John Iglehart, who set up the Topaze company on behalf of the Stewarts. It is inconceivable that defendant does not know who owned Topaze and how she came to take ownership of the jewelry, and it seems logical to assume that defendant refuses to disclose the answers to conceal her actions from Swiss taxing authorities. At the very least, as she continues to assert an attorney client relationship with Mr. Iglehart (and had a romantic one as well), she has access to the information that Iglehart and she refused to produce to plaintiff during her marital hearing. We respectfully submit that Your Honor's suspicions about Mr. Iglehart, expressed during the April conference, are well-founded (Doc. 71-2, at p. 23).

The answers to these questions are also known by Bill Stewart. Defendant subpoenaed these documents from Mr. Stewart over nine months ago, in November 2019, and repeatedly advised our office that Mr. Stewart would be producing his documents, copies of which would be forwarded to our office. *See e.g.*, e-mail dated Dec. 11, 2019, attached at **Exhibit C.** The issue of that subpoena was most recently raised with the Court during the April 1st conference call. Defense counsel insisted that they needed an authorization from plaintiff for Mr. Stewart to release his files and for the subpoena to be responded to. This Court pressed the undersigned to agree to said consent, which we did so we could obtain Mr. Stewart's documents without further motion practice or delay. (Doc. 71-2, at p. 31). Plaintiff's proposed Amended Discovery Plan accordingly included production of those documents in the discovery deadlines. By e-mail dated August 11, 2020, however, defendant rejected that item from the proposal on the contention that this request is "contrary to Defendant's obligations under the Federal Rules". *See* e-mail dated August 11, 2020 attached at **Exhibit D.** That same day, defendant asked this Court to accept her proposed CMO without conferring with plaintiff's counsel or making any effort to work out the differences.

Notably, while defendant herself has acknowledged in sworn affidavits that Mr. Stewart "has knowledge related to the formation of Topaze" (Doc. 25-1, at ¶ 5; *see also* Doc. 31 at ¶ 27), and her counsel has demanded that plaintiff consent to release of various documents to be produced by Mr. Stewart, she now apparently no longer seeks these critical documents. Instead, she moves for an Order holding in contempt her ex-husband, "Tres," who has sworn he has no material knowledge of Topaze, for failing to produce documents which he has clearly stated he does not possess and she asks plaintiff to redo exhaustive review of thousands of document to search for

words like "rock" and the names of her children. If defendant truly sought answers to the material questions that go to the merits of this case, as this Court has urged the parties to do, she would pursue these answers from Bill Stewart and Mr. Iglehart, not her ex-husband or plaintiff's counsel.

The plaintiff has limited resources and, while she is willing to vigorously pursue this case, she would like to do so in her lifetime and with focus on the material issues in the case as opposed to needless and time consuming discovery that has no chance of uncovering facts or documents that go to the merits of this case. This Court has made clear that discovery should focus on the history and ownership of Topaze, and who was supposed to enjoy the assets of that company during Ms. Stewart's lifetime. Doc. 71-2, at p. 47. Indeed, plaintiff's motion to dismiss the counterclaim on the pleadings has been held in abeyance pending answers to those questions. That motion, if granted, substantially narrows the scope of discovery in this case.

Defendant's proposed CMO is a one-sided proposal that fails to address the merits of the case. She seeks to circumvent the rules requiring counsel to confer, the rules requiring that defendant move the Court after a conference with the Court for an Order compelling discovery such as subpoenas of counsel (paragraph 2) that have been objected to and seeks to avoid defendant's own discovery obligations, including those that they represented to the Court and counsel they would complete (*e.g.*, provide photographs of the jewelry held by defendant and provide documents obtained pursuant to Mr. Stewart's subpoena).

This case presents limited factual issues that will determine the outcome of the merits. Plaintiff urges this Court to streamline discovery at this stage to address the case merits, and not damages or unauthorized fishing expeditions that will not uncover the answers that are clearly within Bill Stewart and Mr. Iglehart's knowledge.

As a result of the foregoing, plaintiff respectfully requests that this Court reject defendant's proposed CMO. Plaintiff has amended its proposed CMO in accordance with this letter, and attaches it herein at **Exhibit E**, and plaintiff urges this Court to enter same.

Thank you for your attention to this matter.

Very truly yours,

David P. Marcus

DPM:cac

cc:    Edward P. Yankelunas, Esq. *(via ECF)*
       Catherine Pastrikos Kelly, Esq. *(via ECF)*
       David B. Grantz, Esq. *(via ECF)*
       Javier M. Lopez, Esq. *(via ECF)*