```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
BARBARA STEWART,

             Plaintiff,

     - against -                              O R D E R

MICHELE STEWART,                         19 Civ. 5960 (NRB)

             Defendant.
---------------------------------------X
MICHELE STEWART,

             Counterclaim Plaintiff,

     - against -

BARBARA STEWART,

             Counterclaim Defendant.
---------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This order responds to the litany of letters that have recently been filed in this case. See ECF Nos. 71-73, 75, 77-79. While the parties have purported to be disputing the terms of defendant's proposed "case management order," see ECF No. 71-1, their letters do little more than rehash months-old discovery disputes concerning, inter alia: (1) the subpoenas duces tecum that defendant served on plaintiff's counsel (the "Counsel Subpoenas"), which seek all documents between plaintiff's counsel and any member of the Stewart family concerning the jewelry at issue or Topaze/DGBF; (2) the subpoena duces tecum that defendant

1

served upon plaintiff's ex-husband, William "Bill" P. Stewart, which seeks documents from plaintiff's divorce proceeding (the "Bill Stewart Subpoena"); (3) defendant's request for inspection of the jewelry in plaintiff's possession (the "Jewelry Inspection"); and (4) the search terms to be used in connection with plaintiff's additional document reviews and productions ("Search Terms").  As the parties are clearly more interested in keeping the Court apprised of the latest squabbles between counsel than in moving this case towards resolution, the Court rules with respect to the aforementioned issues as follows.

<u>Counsel Subpoenas</u>:  The Court denies defendant's request that plaintiff's counsel be ordered to respond to the Counsel Subpoenas.  Defendant has proffered a wholly insufficient basis to rummage through plaintiff's counsel's files.  Insofar as defendant decides to file a motion to compel compliance with the Counsel Subpoenas predicated on a far stronger showing than has been advanced, defendant's counsel is reminded that the consequence of pursuing this highly unusual approach is to invite a reciprocal request.  Further, both parties are reminded that their counsel's documents are in their possession, custody and control.

<u>Bill Stewart Subpoena</u>:  As plaintiff has now consented on the record to the production of documents from her divorce proceedings, defendant shall promptly produce any documents received in response to the Bill Stewart Subpoena.  Defendant resists such

2

production.  However, to indulge that resistance would require plaintiff to serve a similar or identical subpoena and thus burden a third party twice.  Such a result, which only causes undue burden and does nothing to resolve this case, cannot be countenanced.

Jewelry Inspection: While defendant's counsel apparently has agreed to hold their request for inspection of plaintiff's jewelry in abeyance, see ECF No. 75 at 2, the Court believes it would be highly productive for both parties, either through counsel or a third party, to produce for inspection and valuation all jewelry in each party's possession, custody or control as soon as possible.[1]  The Court takes no view on where such inspections take place.

Search Terms:  As instructed during the teleconference that was held in this case on April 1, 2020 (i.e., no less than 5 months ago), plaintiff's counsel shall run additional searches for responsive documents using defendant's definition of "jewelry" (i.e., all jewelry that plaintiff has owned throughout her lifetime). With respect to the other terms that are to be used in connection with plaintiff's searches and any others that this Court may order as to either party, the parties shall file a **single letter** of no more than three pages informing the Court of the parties' agreed-upon terms or, if necessary, the parties'

---

[1] Any statement by the Court that could be considered to express a contrary view is reconsidered based upon the Court's more developed knowledge of the case, the parties, and case counsel.

competing lists of search terms and a short explanation of any disagreements. That letter, which is to relate solely to the issue of search terms, shall be submitted within one week of the date of this order. Additional letters will not be considered. Regardless of the search terms utilized, given the parties' representations about the challenges in obtaining additional documents from Mr. Iglehart, plaintiff's next production shall include all documents that have been obtained from Mr. Iglehart's file.

The Court has devoted considerable time and attention to this matter. It is unacceptable that so little progress has been made since the April 1, 2020 conference during which the Court addressed many of the same issues addressed here. Counsel for both parties are advised that, moving forward, the lack of cooperation and professionalism that has characterized this proceeding to date will not be tolerated. With respect to the foregoing issues and rulings, no further argument is welcome.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 71.

**SO ORDERED.**

Dated:   New York, New York
         September 8, 2020

*(signature)*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE