```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
BARBARA STEWART,

                Plaintiff,

        - against -
                                              MEMORANDUM AND
MICHELE STEWART,                                   ORDER

                Defendant.                    19 Civ. 5960 (NRB)
----------------------------------------X
MICHELE STEWART,

                Counterclaim Plaintiff,

        - against -

BARBARA STEWART,

                Counterclaim Defendant.
----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This Memorandum and Order addresses defendant's assertion of attorney-client privilege as a basis to withhold the document Bates-stamped Bouman 0211 from disclosure. Bouman 0211 is an email dated April 1, 2010 from John Iglehart, an attorney, to defendant. In her privilege log of February 6, 2020, defendant described the document as a "[c]onfidential communication providing legal advice regarding corporate and litigation matters." The issue before the Court arises because Mr. Iglehart had earlier represented the plaintiff before he undertook the representation of the defendant.

1

As defendant recognizes, an attorney "who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." N.Y.R. Prof'l Conduct, r. 1.9(a); see also N.Y.R. Prof'l Conduct r. 1.9 cmt. 1 ("After termination of a client-lawyer relationship, a lawyer has certain continuing duties with respect to confidentiality and conflicts of interest…"). Defendant does not seriously dispute that on its face Bouman 0211 reflects legal advice on a substantially related matter to defendant that is adverse to the interests of the former client, Barbara Stewart, the plaintiff herein. The defendant acknowledges that when such a conflict arises the attorney is subject to disqualification. But here, Mr. Iglehart did not disqualify himself. Nor does the defendant claim that Mr. Iglehart obtained plaintiff Barbara Stewart's informed consent to represent defendant on an adverse matter. N.Y.R. Prof'l Conduct, r. 1.9(a).

Nevertheless, defendant maintains that she should be able to maintain privilege—even to the detriment of the former client—over a communication that would never have occurred had Mr. Iglehart raised the issue of disqualification. Defendant has submitted no

authority to support that position. We see no principled reason that the first client to whom the duty of loyalty is owed should be disadvantaged because of an attorney's failure to conform his conduct to his ethical obligations. Additional support for this conclusion is found in the fact that defendant was fully aware of counsel's prior representation of plaintiff and the conflict could not have been clearer.

Accordingly, the assertion of privilege for Bouman 0211 is rejected and the document should be disclosed to plaintiff forthwith.

**SO ORDERED.**

Dated:   New York, New York
         October 5, 2020

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

3