UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARBARA STEWART,

                              Plaintiff,                    1:19-CV-05960 (NRB)

     - against -


MICHELE STEWART A/K/A MICHELE BOUMAN-
STEWART,

                              Defendant.


**STIPULATION AND ORDER FOR THE PRODUCTION
AND EXCHANGE OF CONFIDENTIAL INFORMATION FROM WILLIAM P.
STEWART, JR.**

        This matter having come before the Court by stipulation of the parties for the entry of a

protective order, limiting the review, copying, dissemination and filing of confidential and/or

proprietary documents and information to be produced by William P. Stewart, Jr. and his

respective counsel in the course of discovery in this proceeding to the extent set forth below; and

the parties to this action and William P. Stewart, Jr. (the "parties"), by, between and among their

respective counsel, having stipulated and agreed to the terms set forth herein, and good cause

having been shown;

        IT IS HEREBY ORDERED that:

        1.      This Stipulation is being entered into to facilitate the production, exchange and

discovery of documents and information from William P. Stewart, Jr. that  merits confidential

treatment (hereinafter the "Documents" or "Testimony").

        2.      William P. Stewart, Jr. may designate Documents produced, or Testimony given,

in connection with these proceedings as "confidential" or "highly confidential," either by notation

on the Document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3.      As used herein:

(a)      "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain personal and/or confidential information, proprietary business information, competitively sensitive information, confidential financial information or data, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the party or non-party, or to the conduct of that party's or non-party's business or which otherwise is personal and confidential. Documents previously exchanged by the parties to this action in discovery may not be considered "Confidential" or "Highly Confidential" unless so designated by the parties to this action pursuant to separate agreement.

(b)      "Highly Confidential" means Confidential Information of such a highly sensitive nature that disclosure of such information to another party to this case or to the officers, directors, employees or agents of the opposing party could cause personal or competitive harm or violate applicable law.  The parties agree that properly designated Highly Confidential Information is deserving of increased protection under this Protective Order, including greater restrictions on its disclosure. Documents previously exchanged by the parties to this action in discovery may not be considered "Confidential" or "Highly Confidential" unless so designated by the parties to this action pursuant to separate agreement.

(c)      "Designating party" shall mean William P. Stewart, Jr.

(d)      "Non-designating party" shall mean the party to these proceedings and/or any non-party, with reference to Confidential or Highly Confidential Information, who has not so designated that Information in connection with depositions, document production or otherwise.

4.      The Non-designating party may, at any time, notify the Designating party that it does not concur in the designation of a Document, Testimony or other material as Confidential Information or Highly Confidential Information.  If the Designating party does not agree to declassify such Document, Testimony or material, the Non-designating party may move before the Court for an order declassifying those Documents, Testimony or materials.  If no such motion is filed, such Documents, Testimony or materials shall continue to be treated as Confidential Information or Highly Confidential Information.  If such motion is filed, the Documents, Testimony or other materials shall be deemed Confidential Information or Highly Confidential Information unless and until the Court rules otherwise.

5.      Except with the prior written consent of the Designating party or by Order of the Court, Highly Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a)      outside counsel for the parties to these proceedings and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of these proceedings for trial or other proceedings herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(b)      expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with these proceedings or to give testimony with respect to the subject matter of these proceedings at trial of this matter or other proceeding herein;

provided, however, that the parties shall not retain as expert witnesses or consultants individuals who are or were employed or remunerated by (other than as a consequence of acting as an expert witness or consultant in this case), or otherwise affiliated with, the parties or any entity affiliated with the parties; and provided further that any such Highly Confidential Information is furnished, shown or disclosed only in accordance with paragraph 8 hereof;

      (c)     the Court (subject to the provisions of paragraph 10 hereof);

      (d)     an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 11 hereof;

      (e)     hearing, trial and deposition witnesses who are the Designating party or an employee of the Designating party, or are expert witnesses or consultants as contemplated by subparagraph (b) above, and in either case, solely at the time of and for the purpose of those persons providing sworn testimony; provided, however, that such Highly Confidential Information is furnished, shown or disclosed only in accordance with paragraphs 10 and 11 hereof; and

      (f)     any other person agreed to in writing by the parties and, non-parties if the Designating party is a non-party to these proceedings.

      6.     Except with the prior written consent of the Designating party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

      (a)     parties and, in the case of corporate parties, personnel of such corporate party actually engaged in assisting in the preparation of these proceedings for the trial, hearing or other proceedings herein and who have been advised of their obligations hereunder;

(b)      counsel for the parties to these proceedings and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of these proceedings for trial, hearing or other proceedings herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c)      expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of these proceedings at trial, hearing or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed only in accordance with paragraph 8 hereof;

(d)      the Court (subject to the provisions of paragraph 10 hereof);

(e)      an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(f)      trial, hearing and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 10 and 11, respectively, hereof; and

(g)      any other person agreed to in writing by the parties and non-parties if the Designating party is a non-party to these proceedings.

7.      Confidential Information or Highly Confidential Information shall be utilized by the Non-designating party and its counsel only for purposes of these proceedings and for no other purposes.

8.      Before any disclosure of Confidential Information or Highly Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(b) or 6(c) hereof, counsel for the Non-designating party shall obtain the expert's written agreement, in the form of

Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at the hearing is not required to be supplied to the other party (but shall be obtained by the Non-designating party and maintained).

9.      Counsel for parties or non-parties shall have fifteen (15) days after receiving the transcript of a deposition or trial to designate the transcript or portions thereof as Confidential.

10.      Should the need arise for any of the parties to disclose Confidential Information or Highly Confidential Information during trial, hearing or other proceeding before the Court, including on motion, through argument or the presentation of evidence, such party may do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such Confidential Information or Highly Confidential Information.

11.      Other than as provided in paragraph 5 above, Highly Confidential Information may not be shown to a deposition, hearing or trial witness without an Order from the Court or the written consent of the Designating party.  Any stenographer and trial, hearing or deposition witness who is given access to Confidential Information and/or Highly Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto as Exhibit A.  Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.  Notwithstanding the foregoing, a deposition, hearing or trial witness who refuses to execute the certificate may be shown Confidential Information and/or Highly Confidential Information during the deposition, hearing or trial which indicates on its face that the witness was the author, addressee, "cc", "bcc" or that the witness otherwise had access to such information previously and independently.  In these circumstances, such Confidential Information

and/or Highly Confidential Information shall continue to be treated by the parties and any other person or entity, including the witness, as Confidential Information and/or Highly Confidential Information in accordance with this Stipulation.

12.     In the case of Documents, designation shall be made by stamping such Documents. Any person receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

13.     Any Document, Testimony or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature, may be so designated by William P. Stewart, Jr. by written notice to the undersigned counsel or counsel of record for the Non-designating party identifying the Document, Testimony or information as "confidential" or "highly confidential" within a reasonable time following the discovery that the Document, Testimony or information has been produced or provided without such designation.

14.     Extracts and summaries of Confidential Information or Highly Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

15.     The production or disclosure of Confidential Information or Highly Confidential Information shall in no way constitute a waiver of each party's or non-party's right to object to the production or disclosure of other information in these proceedings or in any other action.

16.     If information subject to a claim of attorney-client privilege, work product and/or any other privilege is inadvertently produced during the course of this proceeding, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of

attorney-client privilege, work product or any other privilege to which William P. Stewart, Jr. would otherwise be entitled.

17.     If a claim of inadvertent production is made with respect to information then in the custody of another party, such other party must promptly return or destroy the information and any copies it has; must not use or disclose the information until the claim has been resolved; and may present the information to the Court by motion for a determination of the claim.  Said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production, except to the extent there is an issue as to whether or not the production was inadvertent.  The producing party must preserve the information until the claim is resolved.

18.     An inadvertent production that is subject to this Stipulation does not serve as a waiver of the privilege or protection in any other current or future Federal or State proceeding. This Stipulation is binding on all third-parties and non-parties to this proceeding.

19.     This Stipulation is entered into without prejudice to the right of any party or non-party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate.

20.     This Stipulation shall continue to be binding after the conclusion of these proceedings.

21.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed a waiver of the right to object to or an admission as to the admissibility in evidence of any facts, information, Testimony or Documents revealed, produced or elicited in the course of disclosure.

22.     Within sixty (60) days after the final termination of these proceedings by settlement or exhaustion of all appeals, all Confidential Information or Highly Confidential Information

produced or designated and all reproductions thereof, shall be returned to the party or non-party who produced it, or shall be destroyed. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this case that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition, hearing and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics, codes of professional responsibility or rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party or non-party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

23.     This Order may be modified, amended or terminated only upon further Order of the Court, entered by consent or on motion of any party or non-party for good cause shown, and is without prejudice to the rights of a party or non-party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**/s/ Catherine Pastrikos Kelly**
**MEYNER AND LANDIS, LLP**
David B. Grantz
Catherine Pastrikos Kelly
100 Park Avenue, 16th Floor
New York, New York 10016
T: (973) 602-3466
dgrantz@Meyner.com
Attorneys for Defendant Michele Stewart
a/k/a Michele Bouman-Stewart

**/s/ David Marcus**
**MARCUS & CINELLI, LLP**
David P. Marcus, Esq.
8416 Main Street
Williamsville, New York 14221
Telephone: (716) 565-3800
dmarcus@marcuscinelli.com

Attorneys for Plaintiff Barbara Stewart

**/s/ Richard De Palma**
THOMPSON HINE LLP
Richard De Palma
335 Madison Avenue, 12th floor
New York, New York 10017
T: (212) 908-3969
richard.depalma@thompsonhine.com
Attorneys for Non-Party
William P. Stewart, Jr.

SO ORDERED.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
        December 16, 2020

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARBARA STEWART,

                                Plaintiff,                          1:19-CV-05960 (NRB)

        - against -


MICHELE STEWART A/K/A MICHELE BOUMAN-
STEWART,

                                Defendant.


I, _____ , state that:

     1.     My address is _____

_____ .

     2.     My present employer is _____

_____ .

     3.     My present occupation or job description is _____

_____ .

     4.     I have received a copy of the Stipulation for the Production and Exchange of

Confidential Information (the "Stipulation") entered in the above-entitled case on _____

_____ .

     5.     I have carefully read and understand the provisions of the Stipulation.

     6.     I will comply with all of the provisions of the Stipulation.

-11-

7.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this arbitration, any Confidential Information or Highly Confidential Information that is disclosed to me.

8.      I will return all Confidential Information or Highly Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information or Highly Confidential Information.

9.      I hereby submit to the jurisdiction of the U.S. District Court for the Southern District of New York , for the purpose of enforcement of the Stipulation.

Dated:

_____