```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
BARBARA STEWART,

               Plaintiff,

     - against -                              MEMORANDUM AND ORDER

MICHELE STEWART,                                19 Civ. 5960 (NRB)

               Defendant.
---------------------------------------X
MICHELE STEWART,

               Counterclaim Plaintiff,

     - against -

BARBARA STEWART,

               Counterclaim Defendant.
---------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This Memorandum and Order addresses the outstanding discovery disputes between the parties as set out in their letter of April 20, 2021. ECF No. 94. With respect to the issues raised, the Court rules as follows:

<u>Documents from John Iglehart</u>: Once again, the parties are engaged in a dispute about John Iglehart's files. Given that Mr. Iglehart most recently represented defendant, and given that defendant has produced documents from Mr. Iglehart's file in this litigation, it is not unreasonable to direct defendant to undertake a good faith effort to obtain an affidavit from Mr. Iglehart

1

attesting to the fact, if it is in fact the case, that there are no further documents.  It is long past time to close the loop on the Iglehart files.

<u>Jewelry Disposal Order</u>**:** Plaintiff's request for a joint stipulation in which the parties agree not to dispose of any jewelry in the parties' possession, custody, or control is an effort to avoid seeking relief from the Court, which, even if appropriate, should have been sought at the outset of the litigation.

<u>Jewelry Confidentiality Order</u>: The Court sees no reason to approve a confidentiality order given the numerous references to jewelry throughout the litigation.

<u>Jewelry Inspection</u>**:** On September 8, 2020, to move this stagnant case forward, the Court directed that inspection of the jewelry in the possession of each party be conducted as soon as possible.  ECF No. 81.  Eight months later, no inspection has occurred, and plaintiff's submission of a jumble of jewelry strewn on her bed makes a mockery of the discovery process and this Court's effort to assist the parties and their counsel consistent with Rule 1 of the Federal Rules of Civil Procedure.  Under these circumstances, defendant's request that plaintiff immediately produce: (a) a list of all jewelry in plaintiff's possession, custody, and control; (b) one photograph for each piece of jewelry in plaintiff's possession, custody, and control and (c) the

location of each piece in plaintiff's possession, custody and control is reasonable.

<u>Depositions and Timeline</u>: Following compliance with the Court's directives above, which are ordered to occur within the next three weeks, the case is ripe for the conduct and completion of depositions.  The parties shall agree upon a schedule for depositions to be fully completed within 100 days after the three weeks allotted for the above directives.  If the parties cannot agree on protocols for in-person depositions, then remote depositions are the obvious and only alternative.

**SO ORDERED.**

Dated:    New York, New York
          April 26, 2021

                                    _____
                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE