

MARCUS & CINELLI
LLP

June 1, 2021

**VIA ECF**
Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Courtroom 21A
New York, NY 10007-1312

          Re:    **Stewart v. Stewart**
                 **Case No. 19-cv-05960**

Dear Judge Buchwald:


      This Court, by Order dated April 26, 2021 (Doc. 95), among other items, Ordered defendant to make a good faith effort to obtain an affidavit from Mr. Iglehart attesting to the destruction of the Topaze and Bouman files, as was represented to the Court previously. For the reasons stated below, plaintiff contends that no such good faith effort was made, and as it now appears that Mr. Iglehart has retained these files, plaintiff accordingly submits this letter request for an Order mandating production of these files.

      Further, as discussed in greater detail herein, plaintiff also requests an Order compelling defendant's response to plaintiff's Second Request for Documents, and that plaintiff's motion to dismiss defendant's counterclaims be heard at this time.

### A.   Documents From Defendant's Counsel, John Iglehart

      Your Honor will recall that counsel represented that Mr. Iglehart stated that he had a ten-year retention policy for documents, and suggested that the files pertaining to Topaze were accordingly destroyed. We have consistently rejected that proposition, as defendant produced select documents from the Iglehart files, and it is illogical to destroy documents reflecting corporate or individual ownership or transfer of property. As such, we have persistently demanded production of these documents, which defendant, as a client of Mr. Iglehart and a fiduciary of Topaze, is in possession, custody and control of.

      By Order dated April 26, 2021, this Court Ordered defendant to make a good faith effort to obtain an affidavit attesting to Mr. Iglehart's contention that the documents were destroyed and no longer exist. On May 17th, we received a stunning letter from defense counsel contending that Mr. Iglehart now asserts that the Bar Association (presumably of Switzerland) prohibits him from

giving testimony or affidavits in this case "in light of my role as counsel to various members of the Stewart family since the 1980's". *See* May 17th letter, attached herein as Exhibit A. The letter is a tacit acknowledgement that the files Iglehart maintained on Topaze remain intact. Defendant's reluctance to press Mr. Iglehart for these files, which would clearly possess the answers being sought in the liability aspect of this matter, strongly indicate that defendant either already possesses the documents or is deterring production of documents she knows will be deleterious to her case.

Defendant's response from Iglehart hardly reflects a good faith effort to obtain an affidavit or the documents from Mr. Iglehart. Mr. Iglehart was the attorney who created, and was counsel to, the Topaze company and defendant. Neither party to this action has stated an objection to production of these documents, and no proof of any Bar Association opinion or request for same was provided. Defendant's letter does not state that she made a firm demand for her files. It does not state that defendant asked for or received any correspondence to or from the Bar Association confirming the request was made or the dubious statement that is attributable to it. Nor does the letter suggest that defendant objected to or challenged Mr. Iglehart's response or his earlier statement that the files were destroyed.

Defendant's lack of a good faith effort to procure these essential documents reflects her cooperation in secreting these files because they are damaging to her claims and defenses, and likely because defendant has not claimed ownership of the jewelry to Swiss tax authorities.

**B. Defendant's Failure to Respond to Plaintiff's Second Request For Documents**

We have asserted in this case that if defendant owned the Topaze jewelry in question, then that ownership must be reflected not only in documents possessed by Mr. Iglehart, but also in representations made by defendant to the Court in her divorce action, where the parties are required to disclose their assets. That divorce litigation proceeded during the time period defendant claims she owned the jewelry in question. We have repeatedly asked for documents submitted in her divorce action reflecting property she claims to have owned at the time of her divorce, most recently in a Second Request for Production of Documents served over three months ago. *See* Request, attached herein at Exhibit B. Defendant responded by objecting to the demands and producing no documents. *See* response to demands, attached herein at Exhibit C.

In subsequent communications, defense counsel agreed to produce the documents on the consent of defendant's ex-husband, "Tres". That consent was provided on April 26th. *See* e-mail and consent form, attached at Exhibit D. Defendant still has not produced any documents or stated when said documents will be produced, if at all. Defendant should not be allowed to continue to hide the facts and documents that would provide the clear answer to the essential questions going to the merits of the case.

**C. Plaintiff's Motion to Dismiss on the Pleadings**

Thousands of pages of discovery have now been exchanged, including plaintiff's entire marital transcript and exhibits, and Bill Stewart's files. Aside from the fact that defendant failed

to plead a valid cause of action, extensive discovery has uncovered nothing that supports defendant's counterclaims on the merits. The fact that defendant almost certainly made no claim of ownership of the jewelry in question in her own marital case is further evidence that her counterclaims are not based on any supportable fact. Defendant instead has used her counterclaims to obfuscate the issues and rachet up costly and time-consuming discovery on issues that are non-essential to liability. Indeed, there is not one iota of evidence that Ms. Stewart gifted defendant the jewelry in question after admittedly placing it in the Topaze company to protect against future inheritance taxes. Further, it is difficult to fathom how defendant can claim she was gifted millions of dollars in jewelry yet be in possession of no documents or evidence to support that claim.

In light of the foregoing, plaintiff respectfully implores this Court to consider plaintiff's motion to dismiss defendant's counterclaims. If defendant has any evidence in opposition to that motion, she needs to reveal that evidence at this time.

**D.  Summary**

The undersigned has made every effort to cooperate with defendant and streamline the litigation. We have agreed to produce confidential files such as the entire marital transcript and Mr. Iglehart's files, without requiring needless motion practice, and agreed to other reasonable requests. We have been willing to work towards a fair settlement, and would continue to do so if defendant was willing and the Court would assist in mediating those efforts.

In the absence of a settlement, Ms. Stewart requests that she be allowed to move the Court for the following relief:

1.  That defendant be Ordered to seek and produce the Iglehart files reflecting ownership of Topaze/DGBF and documents, if any, supporting defendant's claim that the assets of those companies were transferred to her, or be precluded from presenting at trial any evidence of the above issues of ownership or transfer.

2.  That defendant be Ordered to produce documents responsive to plaintiff's Second Request for Production or alternatively an affidavit stating that she made no claim of ownership of jewelry assets at issue in this case in her divorce litigation, and

3.  That this Court address plaintiff's Motion to Dismiss defendant's counterclaims.

Thank you for your attention to this matter.

Very truly yours,

David P. Marcus

DPM:cac
Enclosures
cc:    Edward P. Yankelunas, Esq. (*via ECF*)
       Catherine Pastrikos Kelly, Esq. *(via ECF)*
       David B. Grantz, Esq. *(via ECF)*
       Javier M. Lopez, Esq. *(via ECF)*

# EXHIBIT A

# MEYNER AND LANDIS LLP

### ATTORNEYS AT LAW

ONE GATEWAY CENTER

SUITE 2500

NEWARK, NEW JERSEY 07102

www.MEYNER.COM

REPLY TO:
CATHERINE PASTRIKOS KELLY, ESQ.
DIRECT DIAL: (973) 602-3423
CKelly@meyner.com

NEW YORK:
100 PARK AVENUE
16TH FLOOR
NEW YORK, NEW YORK 10017

May 17, 2021

**VIA ELECTRONIC MAIL**
David P. Marcus, Esq.
Marcus & Cinelli LLP
8416 Main Street
Williamsville, New York 14221

> **Re:**   ***Stewart v. Stewart, Case No. 1:19-cv-05960-NRB, in the United States District Court for the Southern District of New York***

Dear David:

As you know, the Court's Order, dated April 26, 2021, orders that we "undertake a good faith effort to obtain an affidavit from Mr. Iglehart attesting to the fact, if it is in fact the case, that there are no further documents." We undertook this good faith effort and Mr. Iglehart responded that he is unable to provide such an affidavit. In particular, Mr. Iglehart stated "I questioned the Bar Association regarding the possibility of my giving testimony or affidavits in this case. I received a very clear answer that, by virtue of applicable law and regulations, I was prohibited from giving such testimony or affidavits, in light of my role as counsel to various members of the Stewart family since the 1980's."

We have fully complied with the Court's Order, dated April 26, 2021.

Very truly yours,

**MEYNER AND LANDIS, LLP**

*Catherine Pastrikos Kelly*

Catherine Pastrikos Kelly

cc:   Michele Bouman (*via electronic mail*)

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BARBARA STEWART,

                   Plaintiff,           Civ. No: 1:18-CV-201

     v.

MICHELE STEWART
a/k/a Michele Bouman-Stewart,

                 Defendant.

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff, Barbara Stewart, by and through her attorneys Marcus & Cinelli, LLP, and HOGANWILLIG, respectfully requests the Defendant to produce for inspection and copying at the offices of plaintiff's counsel the documents described herein within thirty (30) calendar days of service of this request. Defendant, at its option, may respond by forwarding photo static copies of the documents requested to the office of plaintiff's counsel within the time, except that Defendant must label all documents (e.g. Exhibit A, B, C, etc.) and indicate in writing which documents are responsive to which request(s).

### GENERAL DEFINITIONS AND INSTRUCTIONS

The term "document" is used herein in the broadest possible sense and means any written, graphic or other recorded (whether visually, electronically, magnetically or otherwise) matter of whatever kind or nature or any other means of preserving thought or expression; all tangible things from which information can be processed, transcribed or retrieved, whether originals, copies or

1

drafts (including, without limitation, non-identical copies), however produced or reproduced; and all forms of preserved data in the possession, custody or control of Defendant, wherever located, including, but not limited to, corporate records and minutes, business records, contracts, agreements, invoices of sale and purchase, customer lists, accounts receivable, listings and ledgers, schematic drawings, technical, use or service manuals, manufacturing directions or instructions, test results, memoranda, correspondence, catalogs, brochures, price lists, booklets, pamphlets, photographs, illustrations, advertising and promotional materials, messages, notes, financial records, canceled checks, receipts or other indicia of payment, and any other data or communication permanently preserved or copies of the preceding which vary in any way from the original.

A document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions. The term "original" includes the file copy or copies of any document if there is no actual original or ribbon copy.

## CASE-SPECIFIC DEFINITIONS AND INSTRUCTIONS

1.    The term "Plaintiff" shall mean and refer to plaintiff BARBARA STEWART ("Barbara").

2.    The term "Defendant" shall mean and refer to Defendant MICHELE STEWART, a/k/a Michele Bouman-Stewart ("Michele").

## DOCUMENT DEMANDS

1.    Documents submitted or generated by any party, person or entity to the Court or equivalent entity presiding over defendant's divorce proceedings with her ex-husband William

2

Stewart ("Tres") reflecting property owned by defendant at or around the time of the divorce proceedings.

2.     Documents submitted or generated in defendant's divorce proceedings referring or relating to jewelry owned by defendant at or around the time of defendant's divorce proceedings.

3.     Transcripts of hearings, depositions or related proceedings in defendant's divorce proceedings referring to property, including but not limited to jewelry, owned or claimed to be owned by defendant at or around the time of defendant's divorce proceedings.

4.     Documents submitted or generated in defendant's divorce proceedings referring or relating to Topaze, DGBF or any other entity which any party claimed ownership of, owned or possessed in trust, jewelry at issue in this lawsuit.

5.     Findings, rulings, judgments or other determinations of the Court or other presiding entity in defendant's divorce proceedings referencing the ownership of property, including but not limited to jewelry at issue in this lawsuit.

DATED: February 25, 2021

MARCUS & CINELLI, LLP

David P. Marcus, Esq.
8416 Main Street
Williamsville, New York 14221
Telephone: (716) 565-3800

and

HOGANWILLIG, PLLC
Edward P. Yankelunas, Esq.
2410 North Forest Road, Ste. 301
Amherst, New York 14068
Telephone: (716) 636-7600
*Attorneys for Plaintiff*

3

TO:     David B. Grantz, Esq.
        Catherine Pastrikos Kelly, Esq.
        MEYNER AND LANDIS, LLP
        *Attorneys for Defendant, Michele Stewart*
        One Gateway Center, Suite 2500
        Newark, NJ 07102
        Telephone: (973) 602-3466

4

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA STEWART,<br><br>              Plaintiff,<br><br>     v.<br><br>MICHELE STEWART a/k/a Michele<br>Bouman-Stewart,<br><br>              Defendant. | Civil Action: **1:19-cv-05960 (NRB)**<br><br>***DEFENDANT MICHELE STEWART'S<br>RESPONSES TO PLAINTIFF'S SECOND<br>REQUEST FOR PRODUCTION OF<br>DOCUMENTS*** |

TO:     David P. Marcus, Esq.
        Marcus & Cinelli, LLP
        8416 Main Street
        Williamsville, New York 14221

        Edward P. Yankelunas, Esq.
        HoganWillig
        2410 North Forest Road, Suite 301
        Amherst, New York 14068

Michele Stewart a/k/a Michele Bouman-Stewart ("Defendant"), by her undersigned attorneys, hereby provides the following written responses to Plaintiff's First Request for Production.

### GENERAL OBJECTIONS AND LIMITATIONS

Defendant's responses to Plaintiff's document demands are made subject to, and without waiving, the following general objections, which are incorporated into every response by reference.

A.     Defendant objects to a document demand to the extent that it seeks information subject to the attorney-client, work product or other applicable privilege or immunity. Information or documents subject to such privilege or other protection will not be produced.

B.     Documents are produced in response to Plaintiff's document demand without admitting the relevancy, materiality or admissibility of such documents produced, and Defendant fully reserves the right to object to the admissibility into evidence of any such documents produced.

C.     Defendant objects to a document demand to the extent that it seeks documents that are not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

D.     Defendant objects to a document demand to the extent that it is vague, ambiguous, over broad, unintelligible or unduly burdensome so as to render it impossible to respond in a reasonable manner or amount of time.

E.    Defendant objects to a document demand to the extent that it seeks the production of "all" documents on a particular subject on the grounds that such a demand is unduly burdensome, over broad and not within the capabilities of Defendant.

F.    Defendant's production of documents is based upon its good faith search for them. Defendant reserves the right to supplement its response if other additional documents are obtained or subsequently discovered, and to interpose additional objections or move for an appropriate protective order if deemed necessary.

G.    Subject to and without waiving the foregoing general objections, Defendant responds to Plaintiff's document demand as follows:

## RESPONSES TO PLAINTIFF'S DOCUMENT DEMANDS

1.    Documents submitted or generated by any party, person or entity to the Court or equivalent entity presiding over defendant's divorce proceedings with her ex-husband William Stewart ("Tres") reflecting property owned by defendant at or around the time of the divorce proceedings.

**ANSWER:**

Defendant objects to this request on the basis that it is overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence because it seeks information relating to "property" which is not the subject of this lawsuit. Defendant objects to this request on the basis that it is overbroad, unduly burdensome, vague and not calculated to lead to the discovery of admissible evidence because it seeks documents "at or around the time of the divorce proceeding" which is not sufficiently limited in time or scope. Defendant further objects to this request as it seeks documentation which may be protected by the attorney-client privilege, the work product privilege or any other privilege or immunity. Defendant objects to this request on the basis that it seeks information which is confidential and may not be disclosed without the express consent of Tres. Defendant objects to this request on the basis that Plaintiff can obtain the information in a less restrictive way.

Based on the foregoing general and specific objections, Defendant will not produce documents responsive to this request. Defendant reserves the right to supplement her answer to this request.

2.    Documents submitted or generated in defendant's divorce proceedings referring or relating to jewelry owned by defendant at or around the time of defendant's divorce proceedings.

**ANSWER:**

Defendant objects to this request on the basis that it is overbroad, unduly burdensome, vague and not calculated to lead to the discovery of admissible evidence because it seeks documents "at or around the time defendant's divorce proceedings," which is not sufficiently limited in time or scope. Defendant further objects to this request as it seeks documentation which may be protected by the attorney-client privilege the work product privilege or any other privilege or immunity. Defendant further objects to this request on the basis that it seeks information which is confidential and may not be disclosed without the express consent of Tres.

2

Defendant objects to this request on the basis that Plaintiff can obtain the information in a less restrictive way.

Based on the foregoing general and specific objections, Defendant will not produce documents responsive to this request. Defendant reserves the right to supplement her answer to this request.

3.      Transcripts of hearings, depositions or related proceedings in defendant's divorce proceedings referring to property, including but not limited to jewelry, owned or claimed to be owned by defendant at or around the time of defendant's divorce proceedings.

**ANSWER:**

Defendant objects to this request on the basis that it is overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence because it seeks information relating to "property" which is not the subject of this lawsuit. Defendant further objects to the request on the basis it is overbroad, unduly burdensome, vague and not calculated to lead to the discovery of admissible evidence because it seeks information "at or around the time defendant's divorce proceedings" which is not sufficiently limited in time or scope. Defendant further objects to this request as it seeks documentation which may be protected by the attorney-client privilege, the work product privilege or any other privilege or immunity. Defendant further objects to this request on the basis that it seeks information which is confidential and may not be disclosed without the express consent of Tres. Defendant objects to this request on the basis that Plaintiff can obtain the information in a less restrictive way.

Based on the foregoing general and specific objections, Defendant will not produce documents responsive to this request. Defendant reserves the right to supplement her answer to this request.

4.      Documents submitted or generated in defendant's divorce proceedings referring or relating to Topaze, DGBF or any other entity which any party claimed ownership of, owned or possessed in trust, jewelry at issue in this lawsuit.

**ANSWER:**

Defendant objects to this request as it seeks documentation which may be protected by the attorney-client privilege, the work product privilege or any other privilege or immunity. Defendant further objects to this request on the basis that it seeks information which is confidential and may not be disclosed without the express consent of Tres. Defendant objects to this request on the basis that Plaintiff can obtain the information in a less restrictive way. Defendant objects to the request because it is confusing and unintelligible.

Based on the foregoing general and specific objections, Defendant will not produce documents responsive to this request. Defendant reserves the right to supplement her answer to this request.

3

5.      Findings, rulings, judgments or other determinations of the Court or other presiding entity in defendant's divorce proceedings referencing the ownership of property, including but not limited to jewelry at issue in this lawsuit.

**ANSWER:**

Defendant objects to this request on the basis that it is overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence because it seeks information relating to "property" which is not the subject of this lawsuit. Defendant further objects to this request as it seeks documentation which may be protected by the attorney-client privilege, the work product privilege or any other privilege or immunity. Defendant objects to this request on the basis that it seeks information which is confidential and may not be disclosed without the express consent of Tres. Defendant objects to this request on the basis that Plaintiff can obtain the information in a less restrictive way.

Based on the foregoing general and specific objections, Defendant will not produce documents responsive to this request. Defendant reserves the right to supplement her answer to this request.

Dated: March 29, 2021                          *Catherine Pastrikos Kelly*

                                               **MEYNER AND LANDIS LLP**
                                               Catherine Pastrikos Kelly, Esq.
                                               One Gateway Center, Suite 2500
                                               Newark, New Jersey 07102
                                               ckelly@meyner.com
                                               Telephone:  (973) 602-3423

                                               *Attorneys for Defendant*
                                               *Michele Stewart*

4

# EXHIBIT D

**David Marcus**

| | |
|---|---|
| **From:** | David Marcus |
| **Sent:** | Monday, April 26, 2021 5:46 PM |
| **To:** | Catherine P. Kelly |
| **Subject:** | Consent form for release of marital documents: Stewart v. Stewart |
| **Attachments:** | Signed consent form (Tres).pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Catherine:

Attached please find the signed consent from Tres Stewart that you requested in order to release the documents responsive to our February 25th demand for production.  Please produce the responsive documents at your earliest convenience.  Thank you.

Regards,

David P. Marcus, Esq.
Partner
Marcus & Cinelli, LLP
8416 Main Street
Williamsville, New York 14221
dmarcus@marcuscinelli.com
Phone:  (716) 565-3800
Fax:  (716) 565-3801

This message is being sent by or on behalf of a lawyer; it is intended for the exclusive use of its intended recipient and may contain information that is privileged or confidential or otherwise legally exempt from disclosure. If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by email, discard any paper copies and delete all electronic files of the message. If you are not sure as to whether you are the intended recipient, please respond to the above e-mail address.

In accordance with Internal Revenue Service Circular 230, any federal tax advice expressed in this communication or any attachment was neither written nor intended by the sender of this firm to be used, and cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed under U.S. tax law.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

BARBARA STEWART

                              Plaintiff,

v.                                                    **Case No. 1:19-cv-05960**

MICHELE STEWART a/k/a Michele
Bouman-Stewart,

                              Defendant.

_____

I, William P. Stewart, III, attest that I have reviewed the five (5) document demands made in "Plaintiff's Second Request For Production To Defendant" dated February 25, 2021 in the above captioned matter, and I hereby consent for Michele Stewart to release and produce to Barbara Stewart's attorneys complete and unredacted copies of any documents in Michele Stewart's possession, custody or control responsive to the aforesaid five document demands.


_____                    _23 APR 2021_
William P. Stewart, III                                           Date