```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
BARBARA STEWART,

                Plaintiff,

        - against -                              MEMORANDUM AND ORDER

MICHELE STEWART,                                  19 Civ. 5960 (NRB)

                Defendant.
---------------------------------------X
MICHELE STEWART,

                Counterclaim Plaintiff,

        - against -

BARBARA STEWART,

                Counterclaim Defendant.
---------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This Memorandum and Order addresses the latest round of discovery disputes between the parties as set out in their letters of June 1, 2021, June 4, 2021, June 18, 2021, and June 23, 2021. ECF Nos. 96, 97, 100, 101.  With respect to the issues raised, the Court rules as follows.

<u>Documents from John Iglehart</u>:  On April 26, 2021, we directed defendant to undertake a good faith effort to obtain an affidavit from Iglehart attesting to the representation, if it is in fact the case, that he no longer has within his possession, custody, or control documents related to the ownership of Topaze/DGBF.  ECF

1

No. 95. Most recently, defendant relayed Iglehart's representation that the "Bar Association" will not permit Iglehart to give testimony or affidavits in this case "in light of [his] role as counsel to various members of the Stewart family since the 1980's." ECF No. 96 at 6. While this Court is always respectful of ethical constraints, we have good reason to be skeptical of this latest excuse for non-compliance given the absence of any written opinion from Swiss Bar authorities and given Iglehart's prior willingness to disregard ethical constraints when he undertook the representation of Michele on a related matter adverse to the interests of his prior client Barbara. See ECF No. 87.

Nevertheless, there is a ready solution. Each party will provide, within one week, a consent to Iglehart's releasing to both parties simultaneously any and all documents in his possession, custody, and control regarding the ownership of Topaze/DGBF and the jewelry at issue, or, if he no longer has any such documents, providing an affidavit that he destroyed such documents. Failure of plaintiff or defendant to provide such consent could result in an adverse inference.

Defendant's Response to Plaintiff's Second Request for Documents: Plaintiff sought documents from defendant's divorce file evidencing her ownership of the jewelry at issue or lack of same. To date, defendant made a limited production containing a 2006 expert report, which was submitted to the Swiss Court in

2

connection with her divorce.  Given the potential importance of this issue, and to resolve it prior to defendant's deposition, we direct defendant to clarify the steps that she took to locate the documents in her divorce file reflecting her ownership of jewelry.

Motion for Judgment on the Pleadings: Denied.  Given the status of this case, such a motion would be premature.

Deposition of Plaintiff: Defendant has sought to take plaintiff's deposition in New York.  Plaintiff has resisted, citing COVID-19 and New York summer heat.  However, it is fundamental that a party who commences a litigation in a forum must present herself for a deposition in that forum.  See Restis v. Am. Coal. Against Nuclear Iran, Inc., No. 13 Civ. 5032, 2014 WL 1870368, at *3 (S.D.N.Y. Apr. 25, 2014) ("Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for [a] deposition." (citing 8A Wright, Miller & Marcus Fed. Practice & Procedure Section 2112 (3d ed. 2010)).[1]  Moreover, neither excuse presented by plaintiff (who is fully vaccinated) is remotely persuasive.  In addition, given the limited hours that plaintiff would be available, a remote deposition is not an adequate substitute.

Documents Relating to the Sale, Transfer, or Gifting of Jewelry: Defendant seeks to hold plaintiff in contempt for

---

[1] The Court has not forgotten that plaintiff originally filed this action in the Western District of New York.

violating the Court's orders of April 1, 2020, September 8, 2020, and September 21, 2020 with respect to searches for documents regarding her jewelry. ECF Nos. 81, 85. Plaintiff's response is that she did not have to furnish information about the ring at issue because plaintiff sold it prior to the commencement of the litigation. Plaintiff supports her argument by referring to the Court's earlier comment that the issue of valuation was not then the focus of the case. At no time did the Court suggest that ownership was not at issue. Clearly plaintiff is mixing apples and oranges, and has failed to make all of the ordered disclosures about "all jewelry that plaintiff has owned throughout her lifetime." ECF No. 81 at 3. With some reluctance, the Court gives plaintiff one last chance to make full and accurate disclosures within one week in accordance with the Court's prior orders.

**SO ORDERED.**

Dated:   New York, New York
         June 25, 2021

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

4