

July 28, 2021

**VIA ECF**

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Courtroom 21A
New York, NY 10007-1312

      Re:    **Stewart v. Stewart**
               **Case No. 19-cv-05960**

Dear Judge Buchwald:

      This letter responds to defendant's letter dated July 23rd, and further requests a pre-motion conference to address defendant's failure to respond to plaintiff's Second Request for Documents, which this Court addressed in its June 25th ruling (Doc. 102).

**Defendant's Continued Failure to Respond to Plaintiff's Second Request for Production**

      On June 1st, plaintiff requested that this Court Order defendant to produce documents responsive to plaintiff's demands for records pertaining to assets she claimed to own in her divorce case (Doc. 96, and accompanying Exhibits B and C). Defendant had selectively responded by producing an expert report, but did not produce any documents referenced in that report detailing assets she claimed to own at the time of the divorce, including statements of assets provided by defendant to the expert, as referenced in that report.

      This Court ruled on June 25th that, "[g]iven the importance of this issue, and to resolve it prior to defendant's deposition, we direct defendant to clarify the steps that she took to locate the documents in her divorce file reflecting her ownership of jewelry." (Doc. 102). On July 22nd, defendant notified the Court that she made an effort to search for responsive documents, including contacting the law firm that represented her in her divorce, but that the law firm "did not find any documents reflecting her ownership of jewelry relating to Topaze/DGBF."

      Defendant's response makes clear that the law firm located the file and searched it, but that none of the documents reviewed listed defendant's ownership of Topaze/DGBF jewelry. Yet none of the documents searched were produced, despite the fact that documents showing ownership of assets, <u>regardless of whether they included jewelry assets</u>, is highly probative evidence in the case

and such documents were sought in plaintiff's document demand which requested, among others, documents submitted to defendant's divorce Court reflecting property owned by defendant (*see* Doc. 96, Exhibit B). Documents submitted by defendant to her divorce Court showing assets, but not asserting ownership of jewelry, would be responsive to the demand, and defendant should not be allowed to continue to withhold them. These documents would reveal the essential unanswered question in the case—i.e., did Ms. Bouman own the jewelry in question? If so, she would have made claim to such ownership when listing her assets in other proceedings before courts in her jurisdiction. Defendant cannot make such claims of ownership yet refuse to produce documents submitted to judicial bodies that would reveal her true interest, or lack thereof, in the property in question.

Plaintiff accordingly requests this Court order defendant produce the aforesaid marital file in its totality prior to defendant's deposition.

### Plaintiff's Privilege Log is More than Adequate

First off, all relevant documents have been provided detailing the sale of plaintiff's ring, the amount obtained for it, and the information provided to the auction house establishing a claim of ownership. Defendant now seeks attorney-client communications listed on plaintiff's privilege log, arguing that there is insufficient information listed on the log to enable them to discern the privilege. This argument is in error.

The privilege log clearly asserts the grounds for withholding the documents as "attorney-client" privilege. All recipients of the e-mails are identified (only plaintiff and counsel) and each relates to legal advice on ongoing matters or related legal concerns. None of the documents at issue relate to any facts at issue in this case. Plaintiff accordingly requests that this Court deny defendant's letter motion to compel plaintiff to produce the privileged correspondence.

Thank you for your attention to this matter.

Very truly yours,

David P. Marcus

DPM:cac

cc:  Edward P. Yankelunas, Esq. (*via ECF*)
     Catherine Pastrikos Kelly, Esq. (*via ECF*)
     David B. Grantz, Esq. (*via ECF*)
     Javier M. Lopez, Esq. (*via ECF*)