**MEYNER AND LANDIS LLP**

ATTORNEYS AT LAW

ONE GATEWAY CENTER

SUITE 2500

NEWARK, NEW JERSEY 07102

WWW.MEYNER.COM

REPLY TO:
CATHERINE PASTRIKOS KELLY, ESQ.
DIRECT DIAL: (973) 602-3423
CKELLY@MEYNER.COM

NEW YORK:
100 PARK AVENUE
16TH FLOOR
NEW YORK, NEW YORK 10017

August 2, 2021

**VIA ECF**
Hon. Naomi Reice Buchwald
United States Courthouse, Courtroom 21A
500 Pearl St.
New York, New York 10007-1312

   *Re: Stewart v. Stewart, Case No. 1:19-cv-05960-NRB*

Dear Judge Buchwald:

  This firm represents Defendant Michele Stewart in the above-referenced matter. We respond to Plaintiff Barbara Stewart's letter, dated July 28, 2021, seeking an order requiring Defendant to "produce her entire divorce file in its totality." The Court should deny Plaintiff's request because the documents she seeks are totally irrelevant and beyond the scope of what the parties agreed and what the Court ordered Defendant to produce. In addition, the request is only meant to harass and annoy Defendant. We further write in response to Plaintiff's second letter, dated July 28, 2021, in which she states that is in unable to participate in depositions and requests a conference with the Court to discuss Plaintiff's "serious medical issues." We object to the extent Plaintiff seeks to conduct her deposition remotely because of her supposed "serious medical issues."

**A.** **Plaintiff's Second Document Request**

  On February 25, 2021, Plaintiff served Defendant with a Second Document Request. The documents Plaintiff sought in the Second Request included documents relating to Defendant's divorce with Tres Stewart (Plaintiff's son). On March 29, 2021, Defendant served Responses and Objections to Plaintiff's Second Requests, objecting on various bases, including that the documents were not calculated to lead to the discovery of admissible evidence. On April 15, 2021, the parties conducted a meet and confer in which Plaintiff's counsel advised that Plaintiff only seeks documents listing the assets Defendant claimed in her divorce so that Plaintiff can evaluate whether Defendant included the jewelry at issue. Defendant responded that she would produce documents listing what assets Defendant claimed in her divorce so Plaintiff could evaluate whether Defendant included the jewelry at issue. On April 20, 2021, the parties submitted a joint letter to the Court regarding the status of discovery in which Plaintiff confirmed this understanding. (Doc 94.)

  Despite our communication to Plaintiff's counsel that Defendant was searching for documents responsive to the Second Request, on June 1, 2021, Plaintiff submitted a letter to the Court seeking a pre-motion conference demanding the Court order Defendant to produce documents

from her divorce file reflecting whether she disclosed ownership of the jewelry at issue. (Doc 96.) Specifically, Plaintiff stated:

> [w]e have asserted in this case that if defendant owned the Topaze jewelry in question, then that ownership must be reflected not only in documents possessed by Mr. Iglehart, but also in representations made by defendant to the Court in her divorce action, where the parties are required to disclose their assets.

(Doc 96.)

On June 4, 2021, Defendant filed a letter with the Court responding to Plaintiff's pre-motion conference letter, dated June 1, 2021. In the letter, Defendant's counsel stated Defendant has searched for documents responsive to the Second Requests and found one, which Defendant produced: the expert report listing all of the assets she claimed to own in her divorce. (Doc 97.)

On June 25, 2021, the Court issued an Order stating:

> Plaintiff sought documents from defendant's divorce file evidencing her ownership of the jewelry at issue or lack of same. To date, defendant made a limited production containing a 2006 expert report, which was submitted to the Swiss Court in connection with her divorce. Given the potential importance of this issue, and to resolve it prior to defendant's deposition, we direct defendant to clarify the steps that she took to locate the documents in her divorce file reflecting her ownership of jewelry.

(Doc 102.)

On July 22, 2021, Defendant complied with the Court's Order, dated June 25, 2021, by filing a letter clarifying the steps she took to locate the documents in her divorce file reflecting her ownership of the jewelry at issue. (Doc 107.) In that letter, Defendant advised the Court:

> Defendant searched all hard copy, email and electronic documents in her possession, custody and control. Defendant's search of these documents reveals nothing relating to the ownership of the jewelry at issue in this case. In addition, Defendant contacted her divorce attorney to determine whether he maintained her file. Defendant's divorce attorney, however, is over 90 years old and retired. Nevertheless, the law firm searched Defendant's divorce file and did not find any documents reflecting her ownership of jewelry relating to Topaze/DGBF.

(Doc 107.)

Despite Defendant's compliance with her discovery obligations and the Court's Order, dated June 25, 2021, Plaintiff claims Defendant has "continually failed" to respond to Plaintiff's Second Request because she failed to produce her divorce file *in its entirety*. This is an altogether new request from Plaintiff because up until now, Plaintiff has only requested that the Court order Defendant to produce documents from her divorce files reflecting her ownership *of jewelry*. As the

Court is aware, Defendant searched her divorce file and did not find any documents reflecting her ownership of jewelry relating to Topaze/DGBF. In addition, Defendant produced an expert report from her divorce, which indicates the assets Defendant represented she owned at the time.

Plaintiff argues that Defendant must now produce all documents in her divorce file showing ownership of *any* assets—regardless of whether it includes jewelry—because it "is highly probative evidence in the case" which would reveal "the essential unanswered question in the case—i.e., did Ms. Bouman own the jewelry in question?" The Court should reject this argument because Plaintiff provides no reasoning or support and because it frankly does not make sense. This case only relates to the jewelry owned by Topaze/DGBF. Documents from Defendants' divorce relating to any other asset she owned at that time has no relevance to the matters at issue here and Plaintiff has failed to substantiate otherwise. For example, if Defendant owned a car at the time she filed for divorce, such ownership would have no bearing on whether Defendant owns Topaze's jewelry or whether Defendant owed Plaintiff a fiduciary duty as a result of her ownership in Topaze. The issues are simply not related in any way.

The reality is that Plaintiff has all that she needs from Defendant's divorce file because she has the documents evidencing that Defendant did not claim the jewelry at issue as her assets in her divorce. Thus, Plaintiff's request for all of Defendant's divorce file is only meant to harass and annoy Defendant because anything else is not calculated to lead to the discovery of admissible evidence. In any event, as outlined above, based on Defendant's objections, Plaintiff limited her Second Request to only those documents relating to whether Defendant owned the jewelry at issue. Thus, the Court should deny Plaintiff's request.

**B.      Plaintiff's Deposition**

Plaintiff submitted a letter to the Court, dated July 28, 2021, requesting that the Court reconsider its order denying Plaintiff an extension to conduct her deposition. In support of this request, Plaintiff's counsel states "Plaintiff has serious medical issues" which result in "Plaintiff's inability to participate in depositions at this time." In addition, the letter states "Plaintiff cannot travel without serious risk to her health." As the Court is aware, Defendant consents to the extension of time to complete depositions to mid-September 2021, provided that Defendant's deposition is conducted after Plaintiff's deposition. To the extent Plaintiff argues that her deposition should be conducted remotely, Defendant objects for the reasons stated in Defendant's letter to the Court, dated June 4, 2021, which is incorporated herein by reference. (Doc 97.) Defendant also objects to the extent Plaintiff argues that she can only appear for deposition remotely because of a purported "serious medical issue." If this were true, Plaintiff would have asserted this reason in response to Defendant's many requests for Plaintiff to appear in person, including but not limited to the parties' meet and confers and in response to Defendant's pre-motion conference letter, dated June 4, 2021. (Doc 97.) The reality is that Plaintiff does not want to come to New York for an in-person deposition and is going to go to whatever length possible to avoid it.

Accordingly, Defendant respectfully requests that the Court deny Plaintiff's request that: (1) the Court order Defendant to produce her divorce file in its totality; and (2) Plaintiff's deposition be conducted remotely.

4

Respectfully submitted,
**MEYNER AND LANDIS LLP**

*Catherine Pastrikos Kelly*

Catherine Pastrikos Kelly (CP3300)

cc:   David Marcus, Esq. (*Plaintiff's counsel, via ECF*)